(96 App. Div. 122.)

### NEW UNION TELEPHONE CO. v. MARSH et al.

(Supreme Court, Appellate Division, Third Department.   June 30, 1904.)

1. MUNICIPALITIES—USE OF STREETS—FRANCHISES—TELEPHONE COMPANIES.

Laws 1890, p. 1152, c. 566, § 102, gives to a telephone company the right to erect and maintain the necessary fixtures for its wires over any of the public roads and streets within the state. Laws 1897, p. 394, c. 414, § 89, subd. 9, authorizes the trustees of villages to regulate the erection of the telephone poles and the stringing of wires over the streets. The trustees of a village adopted a resolution authorizing one to erect poles and fixtures and to string wires for a telephone system under the direction of the trustees, and declaring that, if the work was not completed within a specified time, the consent should cease. *Held*, that the franchise to use the streets comes from the state, and the power to regulate the erection of the poles and wires in the streets of a village rests with the trustees, making it immaterial whether the consent granted by the village had expired.

2. EMINENT DOMAIN—TELEPHONE COMPANIES—CONDEMNATION OF RIGHT TO ERECT POLES AND WIRES IN STREETS—PARTIES.

Code Civ. Proc. § 3361, requires that the petition in condemnation proceedings shall be served on all the owners of the property. Section 3358 defines the word "owner" to include all persons having any estate, interest, or easement in the property to be taken. *Held*, that in proceedings to

condemn property in a public street, the fee of which is in a private individual, for the erection and maintenance of a telephone system, the municipality is not a necessary party.

3. TELEPHONE COMPANIES—RIGHT TO CONDEMN LAND FOR RIGHT OF WAY.

Transportation Corporation Law, Laws 1890, p. 1152, c. 566, § 102, authorizing a telephone company to erect and maintain its lines over the streets and highways, and declaring that, if it cannot agree with the owner on the compensation to be paid therefor, the compensation shall be ascertained in condemnation proceedings; empowers a telephone company to take proceedings to condemn the right to place its poles and lines in a street in front of an owner's property.

4. SAME—RIGHT ACQUIRED.

A telephone company seeking to condemn the right to erect poles and lines in a street in front of an owner's property should only be permitted to acquire an easement for its poles and wires in the street.

5. SAME—PETITION—DISMISSAL.

A petition by a telephone company in proceedings to condemn land in a street for its poles and wires should not be dismissed because it sought to acquire the fee in the land, instead of merely an easement for its poles and wires.

6. SAME.

A petition by a telephone company in proceedings to condemn land in a street for its poles and wires is not defective for failing to allege that the municipality has consented to the erection of the poles and wires at the places sought for the location of the poles and wires.

7. SAME—JUDGMENT—BAR.

A judgment that a telephone company had no right to maintain its poles and lines in a street without the consent of the abutting owner, and without acquiring the right to do so in a lawful way, is not a bar to a proceeding by the company to condemn the right to erect the poles and lines in the street.

Houghton, J., dissenting.

Appeal from Special Term, Warren County.

Proceedings by the New Union Telephone Company to condemn land owned by Julia M. Marsh and another for a telephone pole and wires. From a judgment dismissing the proceedings, the petitioner appeals. Reversed.

The proceeding is one brought for the condemnation of a piece of land 12 inches in diameter, situated between the curb and sidewalk on the westerly side of Ridge street in the village of Glens Falls, in front of the residence and premises of the defendant Marsh, together with the right to erect a telephone pole thereon with a cross-arm at the top thereof 9 feet long, and with the right to string wires and cables parallel with Ridge street and support the same on the top of said pole and cross-arm, and at least 25 feet distant from the ground. The plaintiff is a telephone company organized under the transportation corporations law (article 8, c. 566, p. 1152, Laws 1890). The defendant Marsh owns the fee in front of her premises to the center of the street. In March, 1900, the board of trustees of the village of Glens Falls passed a resolution giving its consent to one Charles W. Cool, his heirs and assigns, to erect poles and other necessary fixtures and to string wires and cables in the streets of the village for a metallic circuit and long-distance telephone system, and provided that the same should be erected so as not to interfere with the full and free use of such streets, and that the same should be erected under the direction of the board of trustees. The resolution also provided that, if the telephone exchange was not completed and in working order within 18 months from the date thereof, the consent should cease and become void. The rights of Cool under this resolution or franchise were thereafter assigned by him to the plaintiff, who, in April or May, 1901, erected a pole upon the premises in question, which were then owned by one Edward

W. West, who in August following caused the pole thus erected to be cut and materially weakened. Another pole was immediately erected by the plaintiff at the same place. An action was then commenced by the plaintiff against West for a permanent injunction to restrain him from cutting down or interfering with the pole. The court at Special Term in that action denied a motion for a preliminary injunction to that effect pendente lite. The plaintiff appealed to the Appellate Division, and the order was affirmed without an opinion. 66 App. Div. 616, 73 N. Y. Supp. 1142. The action was thereafter tried, and resulted in a judgment dismissing the complaint. Shortly before the trial the property was conveyed by West to the defendant Marsh, who now owns it subject to a mortgage owned by the defendant West. The plaintiff then commenced this proceeding to condemn by presenting to the court its petition under section 3360 of the Code of Civil Procedure. In an amended petition it states all the facts required by that section to be stated. In the answer of the defendant Marsh she denies substantially all the allegations of the amended petition except the ownership of the defendants. She alleges that the franchise to the plaintiff from the village of Glens Falls had expired, pleads the former adjudication as a bar, and alleges that the village of Glens Falls was a necessary party defendant. The issues thus framed were referred to a referee to hear and determine. From the judgment entered upon his decision dismissing the petition with leave to renew, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Henry W. Williams, for appellant.
T. W. McArthur, for respondents.

CHESTER, J. The transportation corporations law gives to a telephone corporation organized under it the right to "erect, construct and maintain the necessary fixtures for its lines upon, over or under any of the public roads, streets and highways * * * within the limits of this state." Laws 1890, p. 1152, c. 566, § 102. This is a franchise directly from the state to the corporation to use the public streets and highways of the state for the erection and maintenance of its lines. Barhite v. Home Telephone Co., 50 App. Div. 25, 63 N. Y. Supp. 659. But, as was said in the case cited: "When a corporation of this kind is to avail itself of the legislative grant, the manner of its exercise, the location of its poles, the stringing of its wires, etc., are within the control and regulation of the local legislative body. That is one of the police functions committed to the municipality." That the right by a telephone company to use the public streets and highways for its purposes is subject to the reasonable control, supervision, and regulation by the authorities of the municipality in which such streets and highways are located by virtue of and as a part of the general police power is well settled. City of Rochester v. Bell Tel. Co., 52 App. Div. 6, 64 N. Y. Supp. 804; City of Utica v. Utica Tel. Co., 24 App. Div. 361, 48 N. Y. Supp. 916; People ex rel. N. Y. Electric Lines Co. v. Squire, 107 N. Y. 593, 14 N. E. 820, 1 Am. St. Rep. 893; A. R. T. Co. v. Hess et al., 125 N. Y. 641, 26 N. E. 919, 13 L. R. A. 454, 21 Am. St. Rep. 764. The power is also given in express terms in the village law to the board of trustees of villages "to regulate the erection of telegraph, telephone or electric light poles, or the stringing of wires in, over or upon the streets." Subdivision 9, § 89, c. 414, p. 394, Laws 1897. The consent of the board of trustees to the erection of the poles and wires in the village of Glens Falls was also on

condition that they should be erected "under the direction" of such board. It being clear that the franchise comes from the state, and that the power to regulate the erection of the poles and wires in the streets of the village rests with its board of trustees, it is wholly immaterial whether the so-called franchise or consent granted by such board to the plaintiff has expired or not, so long as the resolution giving such consent in no way assumed to regulate or to fix the places or manner in which such poles and wires should be erected. So far we have agreed substantially with the learned referee who tried the case; but he went beyond this, and put his decision dismissing the petition upon the ground that the municipal authorities are necessary parties to, and entitled to notice of, the proceeding, under section 3361 of the Code of Civil Procedure. In this respect we think he was in error. Section 3361 of the Code of Civil Procedure requires that the petition and notice of presentation thereof to the court "must be served upon all the owners of the property at least eight days prior to its presentation," and the term "owner" is defined by section 3358 of such Code to include "all persons having any estate, interest, or easement in the property to be taken." The property sought to be condemned here is in a public street. The fee is in the defendant Marsh, subject to the mortgage interest of the defendant West, and subject to the easement and right of the public to use it as a street. The care and control of highways under the common law was vested in the sovereign. In this state such care and control is in the sovereign people, and they speak by their representatives in the Legislature. Neither the village of Glens Falls nor its board of trustees has, as such, any estate, interest, or easement in the property sought to be taken. They are not in any sense "owners" of such property within the meaning of that term as used in the statute. The property to be taken is simply the right to impose an additional burden upon the property rights of the owners of the fee, and the condemnation, if made, must be subject and subordinate to the right of the public to use the street for street purposes. Nothing can be taken from the public by the proposed condemnation. The local authorities, notwithstanding such condemnation, will, under the authorities above cited, still retain the right to control and regulate the use of the streets by the public and by those having franchises to occupy them. No case has been called to our attention where it has ever been held that the municipal authorities were proper or necessary parties to a proceeding to condemn rights to impose additional burdens upon streets. We think, also, that the plaintiff was authorized, under section 102 of the transportation corporations law, to take proceedings to condemn the right to place its pole and lines in front of the defendant's property. It sufficiently appears in the evidence that the property or right which the plaintiff seeks is for a public use, and also that the plaintiff has failed to agree with the owners upon the compensation to be paid therefor, and the section referred to provides in express terms that in case of such failure "such compensation shall be ascertained in the manner provided in the condemnation law."

It is difficult to determine from the petition whether the plaintiff is seeking to condemn the fee of sufficient ground upon which to erect

its pole or only an easement. We think that all the plaintiff needs or can require for its purposes is an easement for its poles in the street and a right of way for its wires, and that it should not be permitted to take the fee of any land in the street; but that is a matter which can be regulated by the judgment, and the petition should not be dismissed because it asks for more relief than can properly be granted. It does not appear here that the board of trustees, in the exercise of its right to regulate and control the erection of telephone and telegraph poles and wires in the streets, has ever approved the location of the pole and wires at the place in question. Ordinarily, it would seem that it would be better if the exercise of that right should precede the institution of proceedings to condemn, yet, as the consent of such board to the erection of a pole at a particular place or to the erection of wires in a specified way is but a revocable license, and subject at all times to such reasonable changes and regulations as may be made by the municipality, through its properly constituted authorities, we do not think that the failure to show that such consent has been given, is of sufficient moment to stand in the way of proceeding by condemnation to procure the right or easement from the defendant to erect the pole and lines in question in front of her premises. The judgment in the action which this plaintiff brought against West does not, in our opinion, stand in the way of the plaintiff's right to condemn an easement in the street for its purposes. All that case decided was that the plaintiff had no right to maintain its pole and lines in the street in front of this property without the consent of the then owner of the fee, and without acquiring the right so to do in a lawful way, which is altogether a different question from that presented here.

The judgment should be reversed, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGHTON, J., who dissents.