(48 Misc. Rep. 423)

## VILLAGE OF CARTHAGE v. CENTRAL NEW YORK TELEPHONE & TELEGRAPH CO.

(Supreme Court, Special Term, Onondaga County. October, 1905.)

1. TELEGRAPHS AND TELEPHONES—USE OF STREETS.

The right of a telephone company to use the public streets and highways of a city for the erection and maintenance of its necessary lines is granted directly by the state.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Telegraphs and Telephones, § 6.]

2. SAME—REGULATIONS BY MUNICIPALITIES.

The municipal authorities have the power of reasonable control and reasonable regulations as to the use of the public streets by telephone companies.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Telegraphs and Telephones, § 6.]

3. SAME—UNDERGROUND WIRES.

A village has no power to compel a telephone company to place its wires underground in the same streets in which it permits a company to use poles and open-air construction.

4. SAME—INJUNCTION.

A village cannot obtain an injunction to restrain a telephone company from setting its poles in the street of the village, because of its failure to place its wires underground, when a similar company is allowed to use poles and open-air construction.

Kilby & Norris, opposed.

ANDREWS, J. The papers before me show that for some years the defendant has maintained and operated in the village of Carthage a telephone exchange. Wires to and from this exchange were strung upon poles placed in the streets of the village. On April 25, 1905, the board of trustees of the village passed a resolution purporting to grant permission to the defendant to maintain an exchange, but "by means of a conduit under the street only," prohibited the further erection of poles, and directed the company to remove those which had been placed in position since January 1, 1905. The defendant refused to comply with this resolution and continued to erect poles in the village. To prevent this an action was brought and a temporary injunction obtained. It also appears that another corporation known as the "Northwestern Telephone Company" also maintains a telephone exchange in the village of Carthage, and that its wires to and from this exchange are supported on poles set in the streets of the village. No regulation similar to that adopted with regard to the defendant has been adopted with regard to the Northwestern Telephone Company, and no such regulation seems to be intended. It is to be permitted to maintain an aerial system of construction in the same streets through which the defendant is to be compelled to lay subways. The reason given for this dis-

crimination is that the Northwestern Telephone Company has come into the village as a competitor of the defendant, and because of its competition telephonic service has been improved and the rentals for telephones have been decreased. The service of this company has been good; its plant is said to be an excellent one and much money has been spent by it in building its system. Consequently the village deems it unfair "to compel the Northwestern Company to destroy its present plant in its new state and its efficient condition by asking it now to change to an underground system."

It is well settled that a telephone corporation, incorporated as is the defendant, has the right to use the public streets and highways of the state for the erection and maintenance of its necessary lines and fixtures. This right is granted directly by the state, not by the city or village through which its lines may pass. It is equally well settled that the right of a telephone company to use the public streets and highways for its purposes is subject to the reasonable control, supervision, and regulation by the authorities of the municipality in which such streets and highways are located by virtue of and as a part of the general police power. New Union Telephone Co. v. Marsh, 96 App. Div. 122, 89 N. Y. Supp. 79; City of Rochester v. Bell Telephone Co., 52 App. Div. 6, 64 N. Y. Supp. 804; Barhite v. Home Telephone Co., 50 App. Div. 25, 63 N. Y. Supp. 659.

The municipality has no property right or title to the streets within its boundaries. Their complete control is in the Legislature, and, if the Legislature chooses to authorize their use for any public purpose, in the absence of a constitutional provision, the consent of the municipality is not required. Adamson v. Nassau Electric R. R. Co., 89 Hun, 261, 34 N. Y. Supp. 1073; American Rapid Telegraph Co. v. Hess, 125 N. Y. 641, 26 N. E. 919, 13 L. R. A. 454, 21 Am. St. Rep. 764. The license granted by the Legislature to the defendant may be revoked or modified by the Legislature at any time when public interest demands it. It may, for instance, be compelled by that body to place its wires underground. American Rapid Telegraph Co. v. Hess, 125 N. Y. 641, 26 N. E. 919, 13 L. R. A. 454, 21 Am. St. Rep. 764; People ex rel. New York Electric Lines Co. v. Squire, 107 N. Y. 593, 14 N. E. 820, 1 Am. St. Rep. 893. The power to impose such a requirement may undoubtedly be delegated by the Legislature expressly, as has been done in some cases, to a municipal corporation. But it has never been held in this state, so far as I can find, that in the absence of such a direct grant a municipality, by virtue of its police power, can compel this change to be made. It may be that this is something more than the power of reasonable control, of reasonable supervision, and of reasonable regulation which the municipal authorities admittedly possess. In the particular case before me, however, it is not essential to determine this question. Even assuming that by virtue of the police power the village of Carthage had the right to direct the wires of telephone companies to be placed underground, this power must be exercised without discrimination and without favoritism. It must equally effect the same classes of persons or corporations existing under like conditions. No impediment can be interposed to the pursuits of one person or corporation, unless applied to the same pursuits

of others under similar circumstances. No greater burden can be laid upon one than is laid upon others in the same calling and condition. Russell, Police Powers of State, c. 5. Therefore, when the village of Carthage assumes to require one telephone company to place its wires under ground in the same streets in which another is permitted to use poles and open-air construction, it does an act which cannot be justified, even assuming that the matter is within its jurisdiction.

As has been said, the village undoubtedly may make reasonable regulations for the safety, for the convenience, and for the beauty of its streets. If the complaint was that the defendant failed to comply with such regulations—failed, for instance, to obey reasonable regulations as to the position in which its poles should be placed, or as to their material—a different question would be presented. In this action, however, the injunction is sought to be sustained purely on the ground of the failure of the defendant to comply with the order of the village trustees requiring it to place its wires underground. The injunction must be vacated with $10 costs of this motion.

Injunction vacated, with $10 costs of this motion.