---

(64 Misc. Rep. 500.)

### DEXTER & N. R. CO. v. FOSTER et al.

(Supreme Court, Special Term, Jefferson County. September, 1909.)

1. EMINENT DOMAIN (§ 191*)—PROCEEDINGS TO TAKE PROPERTY—PRELIMINARY OBJECTIONS.

Failure of the petition, in condemnation proceedings by a railroad, to allege sufficiently its incorporation, that it has paid the required sum, under the railroad law, and that it has obtained from the Public Service Commission the certificate required by law, or, if so, that it has filed or recorded it, are not well taken, as preliminary objections, but are more properly allegations to be embodied in an answer.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 191.*]

2. EMINENT DOMAIN (§ 195*)—PROCEEDINGS TO TAKE PROPERTY—PETITION—SUFFICIENCY.

Under the allegation that a railroad has taken all the preliminary steps required by law, to entitle it to institute a condemnation proceeding, proof may be given of the necessary facts showing compliance with the statute.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 524; Dec. Dig. § 195.*]

3. EMINENT DOMAIN (§ 191*) — PROCEEDINGS TO TAKE PROPERTY — PETITION — SUFFICIENCY.

Code Civ. Proc. § 3360, prescribing what shall be stated in the petition in condemnation proceedings, does not require a statement of the interest sought to be acquired, whether fee, easement, or leasehold, nor need the petition point out to each owner the surrounding conditions, and indicate how he, in particular, is to be affected.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 515; Dec. Dig. § 191.*]

4. EMINENT DOMAIN (§ 191*)—PROCEEDINGS TO TAKE PROPERTY—PETITION—DESCRIPTION OF PROPERTY.

The petition in condemnation proceedings must specifically describe the property sought to be acquired.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 515; Dec. Dig. § 191.*]

5. EMINENT DOMAIN (§ 191*)—PROCEEDINGS TO TAKE PROPERTY—PETITION—DESCRIPTION OF PROPERTY.

The petition in condemnation proceedings, after designating certain property to be acquired stated that there would be taken therewith so much of the easement of light, air, and "access in and to such street, as shall be required," in building the tracks. Held that, the word "access" meaning path, or way of entrance, the railroad sought to acquire such way of entrance in or through the street as it would require to build and operate its road, which was too indefinite.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 515; Dec. Dig. § 191.*]

6. WORDS AND PHRASES—"ACCESS."

The word "access" is defined as a way of approach, or entrance, passage, path, means of approach, way of entrance, or passage to anything.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, p. 58.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Condemnation proceedings by the Dexter & Northern Railroad Company against Luther I. Foster and another. Finding against petition.

Elon R. Brown, for plaintiff.

Smith & Phelps, Cobb & Cosgrove, Pitcher & O'Brien, and Samuel Child, for defendants.

DEVENDORF, J. The defendants interpose preliminary objections which they allege are jurisdictional and require the dismissal of the petition herein.

I think the first, second, and third grounds of objection, in substance, that the plaintiff fails to allege sufficiently its incorporation, and that it has paid the required sum pursuant to the railroad law, and that it has obtained from the Public Service Commission the certificate required by law, or, if so, that it has been filed or recorded, are not well taken at this time, but are more properly allegations which may be embodied in an answer. The petition contains all the allegations in that regard required by section 3360 of the Code of Civil Procedure and is sufficient. County of Orange v. Ellsworth, 98 App. Div. 282, 90 N. Y. Supp. 576; Rochester Railway Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008. Under the allegation that the plaintiff has taken all the preliminary steps required by law to entitle it to institute the proceeding, proof may be given of the necessary facts showing compliance with the statute. Matter of Citizens' Water Works Co., 32 App. Div. 55, 52 N. Y. Supp. 473.

The fourth preliminary objection, to the effect that the petition does not state the degree of interest sought to be acquired, whether fee, easement, or leasehold, and does not point out to each owner the surrounding conditions and indicate how he in particular is to be affected, must also be overruled. The section of the Code above mentioned, defining what shall be stated in the petition, does not require such statement. It appears to be fairly well settled that the precise degree of interest need not be specifically stated, if it may be gathered from the facts alleged. New Union Tel. Co. v. Marsh, 96 App. Div. 126, 89 N. Y. Supp. 79; Matter of Metropolitan El. R. Co. (Sup.) 12 N. Y. Supp. 507. Here the petitioner seeks a right to lay and operate its railroad through a street. This can easily be understood from the allegations submitted, and it can be determined therefrom, without difficulty, whether it is an easement or a fee which is required, and that can be properly regulated by the judgment, and "the petition should not be dismissed because it asks for more than can properly be granted." 96 App. Div. 127, 89 N. Y. Supp. 83.

The objection that the petition does not specifically describe the property sought to be acquired I regard as more serious to the plaintiff than those above mentioned. The only property which can lawfully be taken is the precise property designated in the petition. It is therefore extremely important to all parties concerned that there be no uncertainty in fixing the exact rights to be acquired. Matter of N. Y. C. & H. R. R. R. Co., 70 N. Y. 191.

The petition, with reference to the parcels numbered 19, 20, 21, and 22, does not locate the property by definite monuments or metes and

bounds; and, in fact, there is great uncertainty in the description and location of the property to be taken. This should not be permitted. Matter of Water Com'rs of Amsterdam, 96 N. Y. 361, and cases cited. There is also doubt as to the description with reference to the other parcels and rights. The fixed monuments by which the plaintiff seeks to definitely locate the property are the center of the street and the present location of the street car tracks. It may be that such monuments, ordinarily, would be sufficient whereby reasonable certainty might be reached; but the petition says the property to be condemned is shown upon the map annexed thereto as lying between the dotted lines. The specific boundary following the above language does not safely and surely locate the proposed course or line of the right of way to be acquired as to any of said landowners.

There is another uncertainty which applies as to all of the defendants. The petition, after designating certain property to be acquired in connection with each parcel, says there shall be taken therewith so much of the easement of light, air, and access in and to said street as shall be required by the building, maintaining, and repairing of such railroad tracks and by the use thereof for the operation of a steam road. If I read the petition correctly, it may be said that the petitioner is seeking to acquire what it says is between the dotted lines on the map which may include the part of the property lying between the center of the street and a line six feet northerly or southerly, as the case may be, from and parallel to the center line of the street car track; or, as to some of said parcels, six feet on either side of the center of the street car track, but also so much of the easement of light, air, and access in and to the street as shall be required by the plaintiff in building, maintaining, repairing, and using the track for the operation of a steam railroad. This, I think, renders it uncertain and within the line of the case of Metropolitan El. R. Co. v. Dominick, 55 Hun, 198, 8 N. Y. Supp. 151, as well as the principles stated in Bell Tel. Co. v. Parker, 187 N. Y. 299, 79 N. E. 1008. The word "access" is defined as a way of approach or entrance, passage, path, means of approach, way of entrance, or passage to anything. 1 Cyc. 221; Cent. Dict. Hence the petitioner seeks to acquire such path, entrance, way, or passage in or through the streets as it shall require to build, maintain, and operate its railroad. This is too indefinite.

Therefore I think the petition is fatally defective, and the preliminary objections should be sustained, with costs. Leave, however, is given to the petitioner to apply for an amendment of the petition; and, if granted, the present proceeding may stand and be continued.

Ordered accordingly.