SPRINGFIELD   SOUTHWESTERN   RAILWAY COMPANY, Appellant, v. JACOB C. SCHWEITZER AND NEW PHOENIX FOUNDRY & MACHINE COMPANY, Respondents.

Springfield Court of Appeals, August 5, 1913.

1. CONDEMNATION PROCEEDINGS: Compensation of Tenant: Personal Property: Expense of Removal. The expense of removing personal property from condemned premises cannot be recovered by the owner, a tenant of said premises under a lease having several years to run,

2. ———: ———: **Personal Property: Damages, by Removal: Recovery For.** The owner of personal property on condemned premises can recover damages to such personal property caused by its removal.

3. **DAMAGES: Personal Property: Owner's Duty to Reduce Damages.** When a person's property is damaged, it is such person's duty, by all reasonable precaution and expense, to reduce such damage as much as possible.

Appeal from Polk County Circuit Court.—*Hon. Argus Cox*, Judge.

REVERSED AND REMANDED.

*Robert T. Railey* and *Barbour & McDavid* for appellant.

(1) In condemnation proceedings when the entire tract of land is taken, as was done in this case, the full measure of damage is the reasonable market value of the land taken. Railroad v. McGrew, 104 Mo. 290; Railroad v. Porter, 112 Mo. 368; Railroad v. Real Estate Co., 204 Mo. 575; Street Railway v. Walsh, 197 Mo. 392. (2) The owner of the fee and those owning an interest in the land condemned have the same interest in the compensation awarded as they had in the land and the court will so distribute it. Ross v. Gates, 183 Mo. 347; Buchanan v. Kansas City, 208 Mo. 682; Union Depot Co. v. Frederick, 117 Mo. 146-7; Railroad v. Baker, 102 Mo. 560; Railroad v. Weaver, 86 Mo. 473; Chicago v. Messler, 38 Fed. 302. (3) Injury to business, loss of profits, inconvenience to the owner, damage to personal property, or the expense of removing it, are not to be estimated as direct elements of damages and evidence relating thereto should have been excluded. Railroad v. Knapp-Stout & Co., 160 Mo. 412; Railroad v. Porter, 112 Mo. 373; Railroad v. Anderson, 113 S. W. 1031; Ranlet v. Railroad, 62 N. H. 561; Lewis on Eminent Domain (2 Ed.), sec. 488.

*John Schmook* and *T. J. Murray* for respondent.

(1) Reference should be had to the use for which the property is suitable, having regard to the existing business or wants of the community or such as may reasonably be expected in the immediate future. Its adaptability for the purpose for which it is being used is a proper element of value for consideration. Railroad v. Cartan, etc., Co., 197 Mo. 565. (2) If the lessee was conducting a business on the property which would be broken up or interrupted by taking the property for the public use he was entitled to compensation for that injury. St. Louis v. Abeln, 170 Mo. 318; Bridge Co. v. Schaubacher, 57 Mo. 582; Railroad v. McGrew, 104 Mo. 282; St. Louis v. Brown, 155 Mo. 545; Blincoe v. Railroad, 16 Okla. 286, 83 Pac. 903; Railroad v. Getz, 105 Pa. St. 547. (3) When a leasehold interest is taken the measure of damages to the tenant is the actual value of the leasehold interest, including loss or depreciation of tenants' fixtures, reasonable cost of removal and refitting in new quarters and injury to business during the period of interruption. The landlord's damages are the value of the rent and the reversion. Sedgwick on Damages (8 Ed.), sec. 1157, p. 113; Edmands v. Boston, 108 Mass. 535; Railroad v. Schneider, 127 Ill 144; Edmands v. Boston, 108 Mass. 135; Re William & Anthony Sts., 19 Wend. 678; Dyer v. Wightman, 66 Pa. 425.

FARRINGTON, J.—The appeal in this case was first taken to the Supreme Court from which the cause has been transferred to this court (151 S. W. 128) for the reason that the title to real estate is not involved.

The plaintiff, on January 22, 1906, filed in the circuit court of Greene county a petition to condemn certain property owned by Jacob C. Schweitzer, on which was located the plant of the New Phoenix Foundry & Machine Company which held a lease on a part of the

Schweitzer property for a term of one year terminating on December 30, 1905, but which contained a provision for renewal for a term of three years at a fixed rental of fifty dollars per month; and the foundry company had exercised its option to renew. This company, the party defendant principally interested in this appeal, operated on the leased premises a foundry in which was stored machinery necessary for the operation of such a business as well as pig iron, merchandise, tools, loose materials and personal property which usually goes with such a business. Appraisers were appointed by the circuit court to view the property, and they placed the damages to be paid by the plaintiff for the taking of this particular tract of land at $4200, but did not apportion this amount between Schweitzer, the landowner, and the defendant foundry company. In due time, exceptions were filed by both Schweitzer and the foundry company. The venue of the case was changed to Polk county. Before the case came on for trial in the circuit court of Polk county on exceptions to the report of the appraisers, the plaintiff and Schweitzer compromised their differences, the evidence showing that Schweitzer was paid $6800 for the entire tract of land taken, a part of which was the land on which was located the foundry, and that he executed a deed to the entire fee to the plaintiff and dismissed his exceptions to the report of the appraisers. The cause was proceeded with on the exceptions filed by the foundry company, and the court sitting as a jury found that the damage to the land on which the foundry was located, exclusive of and independent of any special value of the leasehold held by the foundry company, was $6000, and found that in order to continue the business of the foundry company and to preserve its machinery and materials from loss and destruction it was necessary to remove them to another place. This was accomplished by the foundry company, and the necessary expense incurred in the removal was $634.31, besides a loss of fire brick;

which the evidence shows were broken and damaged by reason of the removal, amounting to eighty-six dollars. It was found that the expense of removing the pig iron, tools, loose materials, engine, machinery, etc., together with the damage to the fire brick estimated at eighty-six dollars, amounted to $720.31 in excess of the rental value of the property, and for this amount judgment was entered against the plaintiff in favor of the foundry company.

There is evidence to the effect that the plaintiff and Schweitzer were co-operating in this transaction; and, reading the evidence, coupled with the fact that Schweitzer was fully settled with, one is led to believe that they were standing together in the controversy.

The foundry company undertook to show the damages it sustained by reason of the removal in that it lost customers and that the building to which it moved was not as well located for such business as was the old plant. The court found against it on these claims and placed the finding and judgment for the $720.31 solely on the necessary removal expenses which were incurred by the foundry company in taking its property to the new location, and the damage to the fire brick occasioned by breakage.

Plaintiff objected and excepted to the admission of testimony showing the cost and expense of removal, asked in its refused declarations of law that this item be not taken into consideration, and raised the question in its motion for a new trial and again in this court in its assignment of errors.

The sole question before this court is whether a tenant with a lease three years yet to run has a right, when the property to which his lease attaches is taken on condemnation proceedings, to be reimbursed for the expense incurred in removing his personal property from the place taken, and whether he is entitled to recover for the damages sustained by said personal property in moving by breakage and deterioration.

The majority of the courts hold that compensation cannot be recovered for the cost of removing personal property from the condemned premises. [See, Mo. Pac. Ry. Co. v. Porter, 112 Mo. 361, 20 S. W. 568; St. Louis, etc., R. Co. v. Knapp-Stout, etc., Co., 160 Mo. 396, 61 S. W. 300; Edmands v. Boston, 108 Mass. 535; Cobb v. Boston, 109 Mass. 438; Williams v. Com., 168 Mass. 364, 47 N. E. 115; Ranlet v. Concord R. Corp., 62 N. H. 561; New York Cent. R. Co. v. Pierce, 35 Hun (N. Y.), 306; New York, West Shore and Bluff Ry. Co. v. Cosack, 35 Hun (N. Y.), 633; Becker v. Philadelphia, etc., Terminal R. Co., 177 Pa. St. 252, 35 Atl. 617; 8 Am. & Eng. Anno. Cases, 696, note; 4 L. R. A. (N. S.) 890, note.] The courts of Kansas, Illinois, Oklahoma, and, at one time, Pennsylvania, held contra. [See, Blincoe v. Choctaw, O. & W. R. Co., 83 Pac. (Okla.) 903, 4 L. R. A. (N. S.) 890; Atchison, etc., R. Co. v. Schneider, 127 Ill. 144, 20 N. E. 41; Gotz v. Philadelphia & R. R. Co., 105 Pa. St. 547; s. c., 113 Pa. St. 214, 6 Atl. 356.]

The reasons for not allowing this damage are (1) that the tenant would have to move anyhow, and this is one of the incumbrances attaching to the act of placing personal property on leased premises; (2) it is not within the language of the Constitution—that the expense of moving it is neither a taking nor a damaging of the property; and (3) that a verdict would necessarily be based upon conjecture, as one tenant might locate his personal property within a few feet or a few yards or a few blocks of the place from which it is removed, another might move it a mile distant (as in this case), and another might go still farther. The cost of removal would apparently differ greatly.

As our Supreme Court has ruled in no uncertain terms that the expense of removing personal property from condemned premises cannot be recovered by the owner of such personal property, it is our plain duty to follow that ruling. Nor is any very careful analysis

required to see that no real conflict exists in the opinions of the Supreme Court on this question.

In the case of St. Louis, etc., R. Co. v. Knapp-Stout Co., supra, where a railroad company condemned a right of way through a lumber yard owned by the defendant, the question came squarely before the Supreme Court whether the lumber which was piled upon the strip of ground taken and which must necessarily be lost unless removed could be moved by the defendant and a charge of such expense added to its damage, and Judge GANTT said: "Injury to business, loss of profits, inconvenience to the owner, damage to personal property or the expense of removing it, are not to be estimated as distinct elements of damages."

In the case of Mo. Pac. Ry. Co. v. Porter, supra, the railroad company condemned a parcel of ground on which the defendant maintained an icehouse and defendant attempted to recover damages from the plaintiff on account of the ice stored in the icehouse which ice was not condemned or taken or in any way damaged by reason of the taking, and the court held to the rule that inasmuch as the defendant had the privilege and the time to remove the ice he could not leave it in the icehouse and recover its value.

In the case at bar, the evidence shows that the defendant foundry company accomplished its removal to the new quarters gradually and was several months in making the change, effecting the removal in such a manner as not to entirely put a stop to the business of the foundry.

We are referred by respondent to cases in this State where certain removal expense has been allowed and upheld by the Supreme Court, but the principle upon which the expense was allowed in those cases does not govern this case. Thus, in the case of Hannibal Bridge Co. v. Schaubacher, 57 Mo. 582, the defendant owned two lots separated by a public alley. On one, he operated a brewery, and on the other he had his malt

house and pump house which he used and which were
necessary for him to have in order to operate the
brewery.   In his claim for damages he asked that he be
given damages not only for the lot which was taken but
also the damage which the lot not taken (on which the
brewery was located) would sustain by reason of taking
away the malt house and pump house.   It was shown
that the malt house and pump house could be moved
over and serve the brewery as well when moved as
before, and the Supreme Court held that the expense
of removal would be a proper item of damage.   It will ·.
be noted that the expense incurred in the removal was
not allowed for the specific machinery and houses
moved but for the purpose of reducing the damage to
the brewery which was not taken.   In other words,
the allowance of the expense of removal was not based
upon a right to recover removal charges, but upon a
principle of law well established in this State that when
a man's property is injured or damaged it is his duty by
all reasonable precaution and expense to reduce the
damage as much as possible (13 Cyc. 78; Wyatt v. Mo.
Pac. Ry. Co., decided by this court on July 7, 1913);
and by making this move which was necessary for the
continuation of the business of the brewery the expense
thereof would be a proper item of damage. In the
case of The Chicago, Santa Fe & C. R. Co. v. McGrew,
104 Mo. 282, 15 S. W. 931, the railroad company con-
demned a right of way over defendant's coal mine,
necessarily taking a shaft which had been put down by
the defendant for the operation of his mine and neces-
sarily rendering useless in that location the machinery
required for operating the mine at that shaft.   It also
appears in that case that a new shaft   could be con-
structed at an expense of $2000, and that a large ex-
pense would be necessary to adjust the mine under
ground to the use of the new shaft.   The court held
that the expense of the digging of the new shaft and of·

173 Mo. App. 42

removing the machinery for the operation of the new shaft from the old shaft and of adjusting the mine to the new shaft and of the removal of all machinery should be allowed, because by so doing the damage to the entire mine—which, unless these things were done, would be valueless—would be reduced; and on the theory of reducing damages to the mine these expenses were allowed and not on the theory of allowing removal expenses for personal property.    In the case of St. Louis v. Brown, 155 Mo. 545, 56 S. W. 298, the defendant was allowed the expense of moving his building to conform to the city's demands with reference to a certain street line where it became necessary for the purpose of widening the street that the defendant rearrange the remainder of his property.    It was held that in so doing he would be allowed the expense of moving as an item of protecting and adjusting his houses on the property left uncondemned.    In the case of St. Louis v. Abeln, 170 Mo. 318, 70 S. W. 708, a part of the wall of a building was torn down, which, if left down, would necessarily render almost valueless the part of the building not taken, and the court allowed the cost of rebuilding the wall for the purpose of reducing the damage to the property not taken.    It is true, in that case Judge VALLIANT used the following language:    "But the court did err in sustaining that part of the report which awards to Stephens $600 for interruption to his business, to be paid out of the amount assessed as the value of the land taken and damages to the rest of the property. If Stephens was conducting a business on the premises which would be broken up or interrupted by taking the property for the public use, he was entitled to compensation for that injury."    This would indicate that the Supreme Court holds that loss to business can be recovered by a tenant owning a leasehold.    But it will be noted that that question is not in the case at bar for the reason that the trial court found there was no loss to business and placed its judgment solely upon the

removal expense and the damage to the fire brick, and from the finding that there was no loss to business the respondent did not appeal.

The case of New York Central and Hudson River Railroad Co. v. Pierce, 35 Hun. (N. Y.), 306, which is cited with approval in the case of Mo. Pac. Ry. Co. v. Porter, 112 Mo. 361, 20 S. W. 568, is directly in point, holding that the expense of $650 allowed to a tenant under a lease for the removal of personal property stored on the premises condemned was erroneously allowed, and the judgment of the commissioner was modified so that the removal expenses were not allowed as an item of damage to the tenant. The case of New York, West Shore and Bluff Ry. Co. v. Cosack, 35 Hun (N. Y.), 633, also cited and adopted as the law of this State in the Porter case, was where the tenant appealed from the action of the trial court in denying it the right to show the cost of removing personal property on land condemned by the railroad company consisting of lithograph stones, presses, and other heavy machinery, making in all about 413 wagon loads. The Supreme Court of New York in that case upheld the action of the trial court in its refusal to admit this testimony on the ground that the compensation to be paid must be limited to the market value of the interest of the lessee in the land and that the expense of removing his personal property from the premises must be excluded as consequential damages. (See, also, Railroad Co. v. Pearson, 35 Cal. 247, holding the same as the New York cases.]

In all the Missouri cases to which our attention has been directed where removal expenses were allowed, the expense incurred for removal was allowed in order to lessen the damage to the remaining real estate not taken under the condemnation proceedings, and in none of these cases cited by respondent does the Supreme Court hold that the expense of removing specific personal property will be allowed where the element of reducing

the damages to the remainder is not in the case. On the other hand, the case of Mo. Pac. Ry. Co. v. Porter, supra, and the case of St. Louis, etc., R. Co. v. Knapp-Stout Co., supra, and the cases cited in those two opinions with approval, were cases where the expenses were for the removal of specific personal property and the element of reducing the damage to the remainder of the property was not considered. From these cases we are led to believe that merely for the removal of personal property the expense of such removal is not an item of damage in a condemnation proceeding. We must hold under the rulings of the Supreme Court that the trial court erred in allowing the removal expenses.

Complaint is also made of the allowance of the claim of eighty-six dollars for damage to the fire brick, but to this contention of the appellant we do not agree. It became necessary for the tenant to remove the machinery and property and if it could not be moved without being damaged the tenant should be paid for such damage as ensued because it is expressly provided by our Constitution that property shall not be taken or damaged without just compensation. We therefore hold that the defendant company is entitled to any damage sustained to its property by reason of its dismantling and removal.

For the reasons herein appearing the judgment is reversed and the cause remanded for a new trial. All concur.