Joseph A. Sarafite, J.
Motions numbered 38 and 78 are consolidated and hereby determined.
Plaintiff, the Dormitory Authority of the State of New York, is a public benefit corporation created in 1944 by the Dormitory Authority Act (L. 1944, ch. 524). Its powers are enumerated in title 4 of article 8 of the Public Authorities Law. It is authorized to acquire property for the use of any of the colleges under the jurisdiction of the Board of Higher Education of the City of New York to provide for the future needs of the City University of New York (Public Authorities Law, § 1680, subd. 2, pars. b,f, cl. _[!]).
In this proceeding, plaintiff seeks an order of condemnation of certain realty owned by 59th St. & 10th Ave. Realty Corp., part of which is occupied by defendant Melville Shoe Corp. and three of its subsidiaries. Condemnation is sought so the premises can be used by the John Jay College of Criminal Justice, a unit of the City University of New York. Ancillary and immediate *176 relief is also sought pursuant to the provisions of the Condemnation Law, including an award of immediate possession of the property to plaintiff and the trial of any issues raised by the pleadings and the appointment of Commissioners of Appraisal to fix the amount of the award.
Defendants now seek dismissal of the petition while, by cross motion, plaintiff seeks dismissal of the defendants’ affirmative defenses and summary judgment on the petition.
In the affirmative defenses in their answer, and in support of their motion to dismiss the petition, defendants essentially claim that, since there is no specific statutory provision authorizing plaintiff to utilize the procedures available under the Condemnation Law, the petition insofar as it seeks use of these procedures, is improper; that inasmuch as the petition asserts" that the taking is for a ‘ ‘ temporary facility ’ ’, without specification of the duration of the period, plaintiff has no power to condemn for such purpose; that absent proof of plaintiff’s ability to pay the amount of any award that might be adjudicated as proper, condemnation may not be had nor may temporary possession be awarded and, finally, that there was no good faith negotiation to acquire the property in advance of institution of this action as prescribed by statute.
Defendants’ argument that the statute creating plaintiff should be so strictly construed as to render the specific grant of authority to condemn nugatory, because of the absence of specific provisions governing the procedures to be followed in effecting a condemnation of property, is not compelling as a matter of law, logic or statutory construction. The grant of authority to condemn is express, unambiguous (Public Authorities Law, § 1676, subd. 2, par. [b]; § 1678, subd. 3; § 1680, subd. 2, pars, b, f, cl. [1]) and essential to the need plaintiff was created to fulfill (see N. Y. Legis. Annual, 1966, pp. 35^355). It has been exercised in. the past. The absence of specification of the procedures to be followed does not leave any gap not otherwise filled, for section 3 of the Condemnation Law states that “ Whenever any person is authorized to acquire title to real property, for a public use by condemnation, the proceeding for that purpose shall be taken in the manner prescribed in this chapter ”. It is uncontradicted that plaintiff is a “ person ” within the meaning of that section.
That other statutes, creating other public authorities, have generally provided for specific procedures to be utilized in the condemnation, which differ from those applicable under the general provisions of the Condemnation Law, does not lead to the conclusion that absence of analogous provisions in the *177 statutes enabling plaintiff Authority constitutes a deficiency. It would stretch the. imagination beyond all reasonable bounds to hold that the legislative intent was that plaintiff had no power to condemn because the procedures, to be utilized were not specified— particularly where that power to condemn was expressly granted (Public Authorities Law, § 1680, subd. 2, par. b).
In the case at bar the statute granting the power to condemn together with the provisions of the Condemnation Law defines the measure of this court’s substantive and procedural jurisdiction. Holding that plaintiff is required to follow the procedures of the Condemnation Law is not inconsistent with Matter of Culver Contr. Corp. v. Humphrey (268 N. Y. 26), cited by defendants. Nor, in view of the public nature of plaintiff and the interests it was created to serve, are cases such as Matter of Poughkeepsie Bridge Co. (108 N. Y. 483) controlling. Any arguments that the procedures available under the Condemnation Law are undesirable should have been raised before the Legislature, and are not matters determinative of the instant application.
It is clear from the petition and the supporting papers, that the purpose for which the condemnation is sought falls within those specified in the appropriate statutes (Public Authorities Law, § 1676, subd. 2, par. [b]; § 1680, subd. 2, pars, b, f, cl. [1]).
The defense that plaintiff has no power to condemn property for a temporary use, and that the petition is, therefore, defective— it is therein stated that the premises are being sought for a ‘ ‘ temporary facility” — is also not compelling. In the first instance it is clear from the petition and the other papers submitted that plaintiff is seeking to condemn the fee and that use of the term “ temporary facility ” derives from the fact that it is not now known whether the educational institution for which use of the property is sought will ultimately locate its permanent campus in that area. The physical aspects of the property are adequately described in the petition which complies with section 4 (subd. 2) of the Condemnation Law. Even if more were required by way of specificity of the intent (cf. Dexter & Northern R. R. Co. v. Foster, 64 Misc. 500, and New Union Tel. Co. v. Marsh, 96 App. Div. 122, for holdings that such is not essential to validity of the petition), it is clear that on this motion and prior thereto, defendants have been adequately advised of the nature of the interest sought.
That the plaintiff, according to defendants, has little or no assets or capital, and that its obligations are not those of the State, is another point urged by defendants. Plaintiff has raised capital for its purposes by the issuance of debt securities the *178 amount outstanding as of November 15, 1969 being $697,541,000 in bonds including $54,265,000 issued for City University purposes and $188,965,000 in notes including $30,000,000 also issued for City University purposes.
The value placed on the property by the defendants is $15,000,000. This figure is challenged by plaintiff as excessive. It strains credulity to contend that a creature of the State such as the Dormitory Authority would be unable to raise an amount sufficient to pay just compensation for the property sought.
In this connection, it is observed that Governor Nelson A. Rockefeller, when approving amendments to the Public Authorities Law, which created various funds for the City University, stated in his memorandum dated July 5,1966: ‘1 This bill, developed through cooperation of the legislative leaders, the Governor and the City of New York and recommended in my Special Message to the Legislature on June twenty-second, will assist the City University of New York in expanding its facilities and services so as to fulfill the increased role it should play in meeting the pressing higher education needs in the City of New York. The measure builds upon an outstanding record of State support for the City University and maintains the University’s distinguished academic tradition * * * To help further to meet the need for new City University facilities, which are essential to any substantial expansion of enrollment, this bill establishes a City University Construction Fund to carry out the City University’s construction program in conjunction with the Dormitory Authority”. (N. Y. Legis. Annual, 1966, pp. 354-355.)
Furthermore, the defendants’ rights are adequately safeguarded by law. In the first place, section 24 of the Condemnation Law provides the manner of securing defendants against loss — if plaintiff is awarded immediate possession — by requiring plaintiff to deposit, in court, a sum equivalent to any damages that may reasonably be expected to occur if no final order of condemnation is entered or the proceeding abandoned (see City of Glen Cove v. Utilities & Ind. Corp., 17 N Y 2d 205). Next, title will not ultimately vest in. plaintiff until payment is made for the fee (Condemnation Law, § 24). Thus, no uncompensated damage in the taking results from the immediate possession or the vesting of title. To quote from the Glen Cove case (supra, p. 209): “ There is no warrant for the fear that the defendants will not be fully protected ’ ’.
The remaining contention is predicated upon the claimed lack of good faith negotiation on plaintiff’s part for a purchase of the property prior to initiation of this proceeding. But there *179 was, concededly, an inspection of the property and an offer made therefor amounting to $5,700,000. That defendants claim the fair value to be in excess of two and a half times that amount and that plaintiff has refused to increase its offer, is not demonstrative of a lack of good faith. Indeed, as stated by the court in Matter of Prospect Park & Coney Is. R. R. Co. (67 N. Y. 371) and Matter of City of Syracuse (137 Misc. 632, revd. on other grounds, 230 App. Div. 522), these facts lend additional credence to plaintiff’s claim that further negotiations would be futile.
Finally, concerning the matter of immediate possession, a review of the papers submitted presents more than an adequate case demonstrating plaintiff’s pressing need for the premises for important public purposes. While defendants also assert a need for the continued use of the premises, it is uncontested that until shortly before commencement of this proceeding, about one half the space in the premises was vacant and that a lease thereof was being sought through brokers and advertisements. This is inconsistent with the claim now raised that use of all of the premises is essential for defendants ’ business.
Accordingly, plaintiff’s application for summary judgment and an award of possession and the dismissal of the affirmative defenses, is granted, and defendants ’ motion denied, except that the court will hold a hearing in chambers — at a time to be agreed upon and fixed by the court — with respect to the date of the taking of possession and the amount of the deposit to be made.