## CITY OF ST. LOUIS v. WILHELMINA ABELN et al.; BERNARDINA ABELN, Appellant.

Division One, November 26, 1902.

1. **Condemnations:** SETTING ASIDE COMMISSIONERS' REPORT. In a review by the circuit court of the commissioners' report in a condemnation case, on exceptions thereto, the report must stand unless it is shown to be wrong, either in point of law or in a matter of fact. The proceeding is not entirely a trial *de novo.* But, nevertheless, the court must hear the evidence, because it has not before it the evidence and facts which influenced the commissioners.

2. ———: ———: INADEQUACY OF VALUATIONS. The appellate court will not set aside the commissioners' report in a condemnation case because of the valuation placed upon the property taken, or because of the amount of benefits awarded, if the evidence on these matters consists of that of the commissioners on one side and that of a single architect on the other.

3. ———: ———: EXTENT OF LEASEHOLD. If there is no evidence be-

fore the trial court as to the extent of a lessee's interest in the premises taken or injured by the widening of a street, the court will not interfere with the division between the landlord and lessee of the award of damages to the specific premises, as made by the commissioners.

4. ———: ———: INTERRUPTION OF LESSEE'S BUSINESS. The damages for interruptions to the business of the lessee of the premises injured by the widening of a street, should be assessed against the city and the benefit district, and not be deducted from the award to the landlord.

5. ———: ———: COMMISSIONERS AS WITNESSES. In the hearing of exceptions to the report of commissioners in a condemnation proceeding, the commissioners are competent witnesses.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

REVERSED AND REMANDED.

*Kehr & Tittmann* for appellant.

(1) The appellant is entitled to full and fair compensation for her improvements. "Just compensation implies adequate compensation, a fair equivalent, a just indemnity." Railroad v. McGrew, 104 Mo. 289. "The paramount law intends that the owner shall be put in as good a condition pecuniarily by a just compensation as he would have been in if the land had remained entire as his own property." 2 Lewis on Eminent Domain (2 Ed.), sec. 464, p. 999. (2) The uncontroverted evidence in the cause establishes that Mrs. Abeln should have been allowed $5,364 for her improvements. Upon exceptions to the report of the commissioners, the court was bound to hear the evidence and to give effect to the facts established by it. Bridge Co. v. Schaubacher, 49 Mo. 555; Railroad v. Almeroth, 62 Mo. 343; Railroad v. Dennis, 67 Mo. 438. (3) Stephens is not entitled to damages. He has no interest in the land or improvements, and is not entitled to damages for injury to business. 2 Lewis on Eminent Domain (2 Ed.), sec. 487, pp. 1078-9. If he had a lease, the damages for with-

holding or failing to deliver possession would be the difference between the rent provided for in the lease and the rental value of the premises; such rental value is not what the premises would be worth to plaintiff, but what they would rent for in the neighborhood.   Hughes v. Hood, 50 Mo. 350.   (4) Stephens is not entitled to be compensated for any actual damage or assumed loss out of the award to Mrs. Abeln for her improvements. (5)   If Stephens had an interest in the property to be taken, such interest should have been set out in the petition and he should have been made a defendant. City Charter, art. 6, sec. 2.   And every award for property taken or damage sustained should be separately found and stated in the report.   City Charter, art. 6, sec. 4.   (6) The commissioners were not competent witnesses to sustain their report.

*B. Schnurmacher* and *Alexander Nicholson* for respondent.

(1)   Whether the property of appellant was benefited, and if it was, the amount of benefit, were questions of fact and, in the absence of fraud or misconduct or erroneous instructions of law, where the issues are tried by jury, the findings of the commissioners or of the jury are conclusive, and will not be interfered with on appeal.   Kansas City v. Bacon, 147 Mo. 274; Kansas City v. Baird, 98 Mo. 217; Kansas City v. Morton, 117 Mo. 446; In re Extension of Church Street, 49 Barb. 455; Shoemaker v. United States, 147 U. S. 306.   (2) This court will not set aside a judgment in a condemnation proceeding instituted by a municipal corporation merely because of the claim that the assessment against the public at large is too small; not even where the amount thus assessed is only nominal, and the assessment against private owners is very large.   Kansas City v. Smart, 128 Mo. 272; Kansas City v. Bacon, 147 Mo. 279; St. Louis v. Lanigan, 97 Mo. 175.   (3) The property of appellants and her co-tenants, owners together of the fee, being subject to the leasehold interest

held by Stephens, the commissioners properly apportioned the damages awarded for that part of the property taken, between appellant and her co-owners on the one hand, and Stephens on the other. Biddle v. Hussman, 23 Mo. 600; McAllister v. Reel, 53 Mo. App. 85. (4) The commissioners were competent witnesses in the case. Bank v. Mayor, 9 Wend. 244; Railroad v. Probate Judge, 53 Mich. 217; Railroad v. Spydam, 17 N. J. L. 25. (5) Section 2 of article 6 does not require that lessees should be made parties. On the contrary, it does require that "if the possessor of land to be affected has an estate less than a fee, the person having the next vested estate in remainder or reversion must, if known, be made a party defendant."

VALLIANT, J.—A condemnation suit to widen Park avenue in the city of St. Louis. The commissioners appointed by the circuit court to assess damages and benefits made their report in which they said:

"We have carefully examined the premises proposed to be taken for the establishment and opening of said avenue, and we have ascertained the actual value of the land and premises proposed to be taken without reference to the projected improvement and the actual damages done to the property thereby, to be the sum of $13,767, and for the payment of such values and damages have assessed against the city the amount of benefit to the public generally, to-wit, the sum of $507.15, and the balance, to-wit, the sum of $13,259.85 against property within the district ascertained," etc.

Of the total amount assessed as damages the commissioners awarded $8,438.60 to the Dillon estate, and the balance, $5,328.40, was awarded to the owners of what is known in this record as the Abeln property. This award is in these words: "The actual value of the land taken and the actual damages sustained by Wilhelmina Abeln for life, remainder to Wilhelmina Bernardina Abeln, Anna M. Abeln, Olivia A. Abeln, Anna M. B. Abeln, Frank Stephens, lessee, or the owner

Vol 170 mo—21.

of the lot of ground situated'' etc., (omitting the description) ''we ascertain to be the sum of four hundred and fifty dollars; and for the improvements and special damage, as hereinafter stated, upon last described property, we allow the sum of forty-eight hundred and seventy-eight dollars and forty cents. Total fifty-three hundred and twenty-eight dollars and forty cents. Out of the above sum for improvements we award the sum of $1,021 to Frank Stephens, lessee, being for his interest in said improvements, to-wit, $421, and $600 as special damage to his business.''

The commissioners assessed as benefits against the Abeln property $1,000. Out of the $5,328.40 awarded to the owners of the Abeln property the commissioners deduct $421 to be paid Stephens as damages to his interest in the improvements and $600 as damages to his business, and also $1,000 as benefits to the property, leaving for the Abelns $3,307.40.

Appellant in due time filed exceptions to the report, which were to the effect that the damages awarded her were inadequate, that the benefits assessed against her were excessive, and that the award to Stephens was illegal, because: first, he was not a party to the suit; second, the interruption to his business should not have been taken into account; and, third, the effect of the report was to pay Stephens out of the fund awarded to the Abelns.

On the hearing of the exceptions the evidence showed that the taking of the land for the widening of the street as proposed would necessitate cutting off parts of the buildings on the Abeln lots and there was the testimony of an architect, a witness for exceptors, tending to show that to take down the walls of the buildings and reconstruct them on the line proposed and reconstruct the sidewalks would cost $3,014, to which the witness added $2,350, the depreciation in value according to his opinion of the houses after reconstruction; total damages, $5,364. There was testimony on the part of the exceptors tending to show that their property

would not be benefited. There was testimony to the contrary on this point in behalf of the plaintiff.

Over the objection of appellant two of the commissioners were called by the plaintiff and allowed to testify as witnesses, and exception was taken. The court overruled the exceptions and Mrs. Abeln took this appeal.

I. The learned counsel for appellant in their brief say: "On exceptions to the report, the court is required to hear evidence. As it is bound to hear the evidence it follows that it should be guided by it, and if there is no conflict of evidence effect must be given to the facts established by it." That is a very correct statement of the rule that should govern in the original trial of an issue of fact when there is nothing to be considered but the evidence then adduced. But in a review of the commissioners' report on exceptions thereto the report itself is to be considered and it must stand until it is shown to be wrong either in a point of law or in a matter of fact. This proceeding is statutory and is peculiar. To some extent it has the character of a trial *de novo,* but it is not entirely so. It is not, for example, like a trial in the circuit court of a cause brought up by appeal from a justice's court, in which case the statute requires the circuit court to try the cause anew without regard to anything that occurred at the trial before the justice or to his findings or judgment. [Sec. 4071, R. S. 1899.] And it is not exactly like a review of the verdict of a jury on a motion for new trial, for there the judge who heard the same evidence that the jury heard, weighs the verdict in the light of that evidence. But on a review of the commissioners' report in a condemnation proceeding, the court, from the necessity of the case, must hear evidence, because it has not before it the evidence and facts which influenced the commissioners.

In Bridge Co. v. Schaubacker, 49 Mo. 555, where the court in such case refused to hear evidence to overthrow the commissioners' report, this court said: "The court should have heard the evidence, and if the facts

appeared as claimed, should have exercised the ample power given it by the statute." And in Railroad v. Almeroth, 62 Mo. 343, after referring to the above case with approval, it was said: "It is not the province of this court to review the evidence given in the circuit court, with a view of determining whether that court should or should not have set aside the report of the commissioners, but only to see whether there was any testimony tending to support the exceptions, and by which the circuit court should have been guided in rendering its judgment thereon." There was such evidence in that case and it was held that the circuit court erred in deciding that it had no authority to consider it. In Cape Girardeau, etc. v. Dennis, 67 Mo. 438, the same doctrine was announced and those two cases were referred to and the court said: "This court, however, will not ordinarily review the action of the circuit court in such cases when the testimony is conflicting. It is only when the damages are flagrantly excessive or inadequate that we will interfere."

In the case at bar, the circuit court heard the evidence and was not convinced by it that the commissioners' estimates as to damages and benefits were wrong. On this point the court had in one side of the scales the commissioners' report, and in the other the opinion of one witness as to the cost of removing and rebuilding the walls and the resultant damages to the rest of the property. We are asked now to declare that the trial court erred in not setting aside the report of the commissioners on the strength of that evidence. That we should not do. In St. Louis v. Brown, 155 Mo. 1. c. 567, this court said: "On a mere question of value, depending on conflicting evidence, the circuit court should hesitate to interfere with the commissioners' finding, although in a proper case it has undoubtedly the right and duty to do so. A board of commissioners is the tribunal provided by our Constitution to do justice in such cases between the city and the citizen. They are selected by the circuit court and should be men of good judgment and honest repute. They have an ad-

vantage that the court, and even a jury, do not have in trying a case. They go upon the land and make a personal observation and study of it, and its surroundings; besides, they have the benefit of such evidence as parties see fit to bring before them. Assuming, as we must, until the contrary is shown, that the commissioners have given the subject their best, careful and conscientious consideration, their finding on a mere question of value is entitled to great weight with the trial judge when he is hearing exceptions to their report.'' Applying the rules laid down in the foregoing decisions, we can not say that the court erred in overruling the exceptions on the ground of inadequacy of the damages awarded. And what is said of the award of damages applies with equal force to the assessment of benefits. Our attention has not been called to any error in law in that branch of the case.

II. We come now to the exceptions as they relate to the awards in favor of Stephens.

*a.* It is said in behalf of appellant that Stephens was not a party to the suit, and that, therefore, an award in his favor was error. In the statement for respondent it is said that Stephens voluntarily entered his appearance and was made a party. The record is not sufficiently quoted on either side to enable us to judge which is correct on this point, but as the cause is to be retried the point is unimportant now, and can be cleared up in the further proceedings.

*b.* It appears that Stephens was a lessee of part of the premises and kept a grocery and barroom in one of the buildings, but the term of his lease and the extent to which it applied in the premises, do not appear. We are, therefore, in no position to judge of the proportionate value of his interest in the property affected by the condemnation. Of course, if he had an estate in the premises, whether of leasehold or freehold, he was entitled to share proportionately in the award which covered the whole estate, but there is nothing in this record to show the proportion in which he was entitled to share or that he had any definite interest at all. As the evi-

dence at the hearing of the exceptions did not go into that feature of the case, there was nothing to gainsay the correctness of the commissioners' report in that respect, and, therefore, the court did not err in overruling the exceptions on that point.

*c.* But the court did err in sustaining that part of the report which awards to Stephens $600 for interruption to his business, to be paid out of the amount assessed as the value of the land taken and damages to the rest of the property. If Stephens was conducting a business on the premises which would be broken up or interrupted by taking the property for the public use, he was entitled to compensation for that injury. The law on this point is declared in the following cases: Bridge Co. v. Schaubacker, 57 Mo. 582; Railroad v. McGrew, 104 Mo. 282; St. Louis v. Brown, supra. But the damages awarded him should be assessed against the city and the benefit district like the other awards. In this case it was assessed against the Abelns, or, rather, it was deducted from their award.

The total amount of damages awarded by the commissioners in the whole proceedings was $13,767. In that sum there was no amount estimated or included for damages to Stephens's business, yet it is proposed to pay him $600, on that account, out of the share of that $13,767 which is allowed as damages to the Abeln property. The language of the report is: "We have ascertained the actual value of the land and premises proposed to be taken, without reference to the projected improvement and the actual damages done to the property thereby, to be the sum of $13,767." Then the commissioners divide that sum between the owners of the Dillon property (giving them $8,438.60) and the owners of the Abeln property, giving them the balance, or $5,328.40, but of that share they say $600 must be paid to Stephens for interruption to his business. There is no law for that. The ruling of the court sustaining the report of the commissioners as to that item was error.

III. It is also assigned for error that the court allowed the commissioners to be called and to testify

as witnesses. We see no reason why the commissioners are not competent witnesses in such case. There is no statute disqualifying them, and no principle violated in allowing them to testify. The court in considering exceptions would often be in the dark as to the theory on which the commissioners proceeded if they were not examined as witnesses. Since the able counsel for appellant suggest no reason and cite no authority in support of this assignment, we are satisfied that neither reason nor authority for it can be found.

For the error above pointed out the judgment is reversed and the cause remanded to the circuit court to be proceeded with according to the law as herein declared.

All concur, except *Marshall, J.*, not sitting, having been of counsel.