In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for Opening and Extending West Tenth and Other Streets, from Surf Avenue to the Public Beach, in the Borough of Brooklyn.

WEST TENTH STREET REALTY CORPORATION et al., Appellants.

(Argued March 15, 1935; decided April 17, 1935.)

*Charles Lamb* and *Joseph Gazzam* for Charles L. Feltman et al., appellants.

*Andrew F. Van Thun, Jr.,* and *Frank A. Kister* for West Tenth Street Realty Corporation, appellant.

*Paul Windels, Corporation Counsel (Joseph F. Mulqueen, Jr., Anson Getman* and *George S. Parsons* of counsel), for respondent.

FINCH, J.  The appellant West Tenth Street Realty Corporation was the owner, in fee simple, of a so-called private road adjoining premises owned by it.  This so-called private road was bounded on the north by an avenue and on the south by the ocean.  Adjoining it on the east was said West Tenth Street Corporation property.  Its title was incumbered by easements, rights and privileges arising out of a recorded agreement in writing, entered into between the grantor of this appellant and the other appellants, Charles L. and Albert Feltman. The appellants Feltman were the owners of the lands and improvements which abutted this strip on the west. They were also the grantees of said easements including the right to use of the land as a private way or street.

The easements owned by the appellants Feltman, in addition to the right of way, were the right to maintain an electric light sign across the roadway, with the consent of the West Tenth Street Corporation; the right to store automobiles or other pleasure vehicles of their visitors, customers and patrons on half of the roadway; the right to lease space for the storage of automobiles and for the maintenance of a cab booth, and the right to lease privileges within the half of the roadway north of the inside line of the public beach, with the consent of the West Tenth Street Corporation. The West Tenth Street Corporation, as the fee owner of the strip, subject to the easements, rights and privileges, had similar rights in the strip to those possessed by the Feltmans and also other rights not granted to the Feltmans or to the city. The Sea Beach Land Company, the grantor to the West Tenth Street Corporation, reserved to itself the right " to lay and maintain a salt water main in West Tenth Street, from Surf Avenue to the Atlantic Ocean." Also the City of New York had the right " to maintain and operate sewer, fresh water and high pressure salt water mains, hydrants and any other public utilities that are now on or in the above described premises."

The street, title to which was acquired in this proceeding, is of the same width as, and its easterly and westerly lines are coterminous with, the similar lines in the agreement between the Sea Beach Land Company and the Feltmans. The title acquired by the city in this proceeding is that specified in the Greater New York Charter (L. 1901, ch. 466, § 976, as amd.), that is, " in trust, that the same be appropriated and kept open for, or as part of a public street, forever, in like manner as the other streets in the city are and of right ought to be."

In the final decree an award of $55,963 was made to the appellant West Tenth Street Realty Corporation. It was made up as follows:

| | | |
|---|---:|---:|
| Land in West Tenth street, subject to easements | $2,763 | 00 |
| Improvements; soda water stand | 1,200 | 00 |
| Right to maintain soda water stand | 6,000 | 00 |
| Right to store automobiles or other pleasure vehicles, lease space for automobiles or cabs, and to maintain an automobile and cab booth | 40,000 | 00 |
| Right to maintain electric light signs across roadway, with consent of other party | 2,500 | 00 |
| Right to lease privileges within the half of the roadway north of the inshore line of the public beach, with consent of other party. | 3,500 | 00 |
| Total | $55,963 | 00 |

Likewise an award of $52,000 was made to the appellants Feltman, apportioned as follows:

| | | |
|---|---:|---:|
| Right to maintain electric light sign across roadway with the consent of other party. | $2,500 | 00 |
| Right to store automobiles or other pleasure vehicles, lease space for automobiles or cabs and to maintain a cab booth | 40,000 | 00 |
| Right to lease privileges within half of the roadway north of the inshore line of the public beach, with the consent of the other party | 3,500 | 00 |
| Value of encroachments and cost and expense in connection with the removal of encroachments | 6,000 | 00 |
| Total | $52,000 | 00 |

The appellant West Tenth Street Corporation urges that the strip of land owned by it, subject to the Feltman easements, should have been valued in condemnation as free of the easements, on the ground that the agreement

creating the easements, although providing nominally for rights in perpetuity, actually creates an estate in fee on limitation, to endure so long as the land remains a private road, and that the taking thereof by the city for street purposes is an act which calls the limitation into effect. Failing in this claim, the West Tenth Street Corporation urges that the strip should be valued as free from the easements and from that sum the value of the easements, rights and privileges granted to the Feltmans, and reserved to the Sea Beach Land Company and to the city should be deducted.

A complete answer to the contention first advanced is that the agreement with the Feltmans granting them easements, rights and privileges, does not contain any language of limitation but, on the contrary, provides definitely and expressly that it is to operate in perpetuity. The method which the West Tenth Street Corporation claims is applicable in the event that it is found that the easements are not subject to a limitation, is contrary to the well-established principle that a person whose property is taken is entitled to be paid only the value of the property, considering it in its condition and situation at the time it is taken. (*McGovern* v. *City of New York*, 229 U. S. 363, affg. *Matter of Simmons*, 195 N. Y. 573; *Boston Chamber of Commerce* v. *Boston*, 217 U. S. 189; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136, 152; *Matter of City of New York* [*Sedgwick Ave.*], 213 N. Y. 438.)

The application of the above principle works no hardship, since all that is involved is the change of a private street into a public street. Where the land of the parties heretofore faced a private street, it now looks out upon a public street. The appellant is entitled to be fully compensated for its loss but is not entitled to be paid more than the damages actually suffered.

The West Tenth Street Corporation also maintains that the agreement burdening the strip with easements,

rights and privileges did not cover the entire strip owned by it and that there remains a portion of the fee unburdened with the agreement. It argues that although the agreement provided that the easements covered the land to the mean high-water line, a map attached to the agreement showed the position of the mean high-water line in 1911, the time the agreement was made, and that the line delineated on this map is a fixed boundary which limits and controls the extent of the area intended to be subject to the terms of the agreement. At the time of the condemnation there was a plot of land 1,992 square feet in area, lying between the high-water mark, as fixed by the map, and the physical northerly line of the public beach and boardwalk. It is this plot that the appellant claims is not within the lines of the survey annexed to the agreement and, therefore, not burdened with the easements created thereby.

A complete answer to this contention is that the agreement of 1911, granting easements, rights and privileges, did not relate merely to the high-water line then existing but to such line wherever it might thereafter be located. This agreement expressly applied to the land running to high-water mark, as shown on the survey. If the contention of the appellant is correct, then the words " to mean high water " would be surplusage. If the intention of the parties had been as claimed by the West Tenth Street Corporation, then the parties would have run this line by metes and bounds, as shown on the survey, and would not have run the line to mean high-water mark. Furthermore, a fundamental canon of construction is that physical monuments when denominated in a deed shall prevail over those shown on a survey. This appellant was successful in maintaining its own title in the fee to high-water mark. (*Matter of City of New York* [*West Tenth St. Realty Corp.*], 256 N. Y. 222.) By the same token and description, this agreement covers the

entire roadway in accordance with the expressed intention of the parties.

Taking up now the claim of the appellants Feltman, we find that the court at Special Term refused to allow any consequential damages to the Feltmans for the reduction in value of their land as a result of the taking of the easements, rights and privileges appurtenant thereto. Such consequential damages should have been allowed. (*Flynn* v. *New York, W. & B. Ry. Co.*, 218 N. Y. 140; *Matter of City of New York* [*Pier Old No. 49*], 227 N. Y. 119; *Matter of City of New York* [*Erie R. R. Co.*], 193 N. Y. 117; *Bohm* v. *Metropolitan Elev. Ry. Co.*, 129 N. Y. 576.)

For purposes of valuation an easement is to be considered as appurtenant to the dominant tenement. Together they constitute a single entity. In this case, the land of the Feltmans, used for a restaurant, was materially enhanced in value by the right to place a sign across the private roadway and to convenience its patrons by supplying them with immediate parking space. These easements have been valued as if they stood alone. The taking of these easements not only destroyed their value but it also took away from the dominant estate the added value which it had in consequence of the ownership of the easements. As was said by Mr. Justice HOLMES (in *United States* v. *Welch*, 217 U. S. 333, at p. 339): " The value of the easement cannot be ascertained without reference to the dominant estate to which it is attached."

The award to the Feltmans was made on the basis of an erroneous theory, in that the easements, rights and privileges of the Feltmans in this strip were treated as easements in gross and no consideration was given to the effect of the taking as impairing the value of the land and improvements held by the Feltmans in the dominant estate. The Feltmans were entitled to have the dominant estate owned by them valued with the easements, rights

and privileges as appurtenant thereto and then valued after the easements, rights and privileges had been taken and the public street substituted for the private way. The difference in the amount is the measure of the consequential damages suffered by the Feltmans and the amount which they are entitled to recover. (*Flynn* v. *New York, W. & B. Ry. Co.*, 218 N. Y. 140; *Matter of City of New York* [*Pier Old No. 49*], 227 N. Y. 119; *Matter of City of New York* [*Erie R. R. Co.*], 193 N. Y. 117; *Bohm* v. *Metropolitan Elev. Ry. Co.*, 129 N. Y. 576.)

It follows that the orders, in so far as they deny consequential damages to the appellants Charles L. and Alfred Feltman, should be reversed and a new trial granted, with costs to said appellants for the ascertainment of such damages. Otherwise the orders appealed from should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.