CITY OF ST. LOUIS, Appellant, v. FRANKLIN BANK ET AL., Defendants, THORNTON B. JACKSON, KATHERINE W. JACKSON and LENA SHAPIRO.—100 S. W. (2d) 924.

Division One, January 5, 1937.

*Edgar H. Wayman, John T. Hicks* and *Francis J. Sullivan* for appellants.

FRANK, J.—Appeal from a judgment of the Circuit Court of the City of St. Louis in a certain condemnation proceedings.

The suit was brought under an ordinance of the City of St. Louis and pursuant to the provisions of the charter of said city, for the purpose of establishing, widening and opening parts of Morgan Street in said city.

The commissioners, as shown by their report filed, awarded respondents damages in the sum of $20,300, and assessed benefits against respondents' remaining property in the sum of $7000, leaving to respondents net damages over benefits, the sum of $13,300. The city filed exceptions to the commissioners' report. The court overruled such exceptions, approved the report, and rendered judgment in favor of respondents for $13,300. The city appealed.

On the trial of the exceptions to the award, respondents did not appear and did not offer any evidence. The city offered one witness who, after qualifying, testified that the damages to respondents' property was $7000.

Before discussing the question raised by this appeal it might be well, in order to avoid confusion, to call attention to the fact that the law governing condemnation suits brought under the chater of the City of St. Louis differs from the law governing such actions when brought by corporations under the general statutes.

Section 21 of Article II of the Constitution provides, "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law."

In keeping with this constitutional provision the charter of the City of St. Louis provides a complete scheme for the taking of private property for public use. Among such provisions are Sections 3 and 7 of Article XXI of the charter. Section 3 provides that when private property is taken or damaged for public use the damages shall be ascertained by a jury or by three disinterested commissioners, resident freeholders of the city, at the election of the property owner. Section 7 provides for a review of the commissioners' report by the court. These sections read as follows:

"Sec. 3. Commissioners, freeholders, demand for jury, assessment of damages.—The court, or a judge thereof in vacation, when notice has been given as herein provided, shall appoint three disinterested commissioners, freeholders resident in the city for five years next before their appointment, to assess the damages which the owners may severally sustain by such taking or damaging, and to assess benefits as hereinafter mentioned; provided, that the court or judge in appointing commissioners shall exclude from their consideration the assessment of all damages for the trial of which a jury has been duly demanded.

"Any party entitled to and desiring trial by jury of his rights

·to compensation shall file in the cause, before the appointment of the commissioners, written demand therefor, including therein a description of his property to be taken or damaged, and failure so to do shall be a waiver of the right of trial by jury. Upon such demand being filed the court shall award a jury trial and proceed therewith as in trials of civil actions; but before final judgment shall be rendered on the verdict of the jury and before the commissioners shall make their report, the court shall certify the verdict of the jury to the commissioners, and they shall include in their report, with their separate findings, assessments, and awards, the damages as assessed by the jury, reciting the fact. The claim for damage of all parties demanding jury trial in any action under this article shall be heard at the same time before one jury. The commissioners shall assess damages for property appropriated or damaged for the trial of which a jury is not demanded as aforesaid.''

''Sec. 7. Exceptions, review by court.—Within twenty days from the filing of the commissioner's report, exceptions in writing thereto may be filed by any party interested, and upon such exceptions the court shall review the report and may order, on cause shown, a new assessment by other commissioners, or make such other orders thereon as justice may require. The court shall hear and dispose of such exceptions with all reasonable speed and may itself assess benefits anew.''

Any property owner may have a jury trial of his right to compensation by making demand therefor in the time and manner provided in the charter. Failure to make such demand shall be regarded as a waiver of the right to trial by jury, in which event the damages will be assessed by the board of commissioners. The commissioners make no ascertainment of damages to property where the owner has demanded a jury, but the verdict of the jury is certified to the commissioners before they make their report to the court. The commissions are required to include in their report to the court the damages assessed by the jury as well as the damages ascertained by themselves. In instances where the commissioners ascertain the damage, such ascertainment is, in effect, the verdict of a jury, because the failure to demand a jury amounts to a waiver of the right of trial by jury, and consent that the commissioners may ascertain the damages. The report of the commissioners is, in effect, a jury verdict and must be so regarded.

In a trial by jury in ordinary civil actions, the court hears the same evidence which the jury hears. On motion for new trial in such a case the court views the verdict of the jury in the light of the evidence and from such view determines whether the verdict is right or wrong. On motion for new trial in such a case the verdict of the jury does not become *functus officio*. In considering a motion

for new trial, the verdict of the jury is entitled to great weight with the trial judge and must stand unless the judge is convinced from a review of the evidence that it is wrong. The same thing is true in the consideration of exceptions to the commissioners' report. Since such report is, in effect, a jury verdict it must stand until·it is shown to be wrong in point of law or matter of fact. We have so held in suits brought under the St. Louis charter. In St. Louis v. Abeln, 170 Mo. 318, 323, 70 S. W. 708, we said:

"The learned counsel for appellant in their brief say: 'On exceptions to the report, the court is required to hear evidence. As it is bound to hear the evidence it follows that it should be guided by it, and if there is no conflict of evidence effect must be given to the facts established by it.' That is a very correct statement of the rule that should govern in the original trial of an issue of fact when there is nothing to be considered but the evidence then adduced. But in a review of the commissioner's report on exceptions thereto the report itself is to be considered and must stand until it is shown to be wrong either in a point of law or in a matter of fact."

 Where, as in the case at bar, a jury trial was waived and the award of damage was made by the commissioners, the court did not see what the commissioners saw on view of the property, and did not hear the evidence heard by the commissioners. Since the report of the commissioners was presumptively right, and since the court had not heard the evidence upon which it was based, upon a hearing of exceptions to the report, the burden was on the exceptor to introduce sufficient substantial evidence to convince the court that the report was wrong before it could lawfully be set aside. The city contends it carried that burden by introducing the testimony of one witness who, after qualifying, testified that the damages to respondents' property was only $7000. The contention of the city is that the testimony of its witness amounted to substantial evidence that the report was wrong, and since respondents offered no contradictory evidence in support of the report, it was the duty of the court to accept the evidence of its witness as true and set the report aside. This contention overlooks the fact that "In a review of the commissioners' report on exceptions thereto the report itself is to be considered and it must stand until it is shown to be wrong either in a point of law or in a matter of fact." [St. Louis v. Abeln, supra.] It may be conceded that the testimony of the city's witness amounted to substantial evidence that the report was wrong, yet the weight and value of such testimony when considered in connection with the commissioners' report was a question for the court to determine. The question here discussed was discussed and determined by this court in St. Louis v. Abeln, supra. We there said:

"In the case at bar, the circuit court heard the evidence and was

not convinced by it that the commissioners' estimates as to damages and benefits were wrong. On this point the court had in one side of the scales the commissioners' report, and in the other the opinion of one witness as to the cost of removing and rebuilding the walls and the resultant damages to the rest of the property. We are asked now to declare that the trial court erred in not setting aside the report of the commissioners on the strength of that evidence. That we should not do. In St. Louis v. Brown, 155 Mo. l. c. 567, this court said: ' "On a mere question of value, depending on conflicting evidence, the circuit court should hesitate to interfere with the commissioners' finding, although in a proper case it has undoubtedly the right and duty to do so. A board of commissioners is the tribunal provided by our Constitution to do justice in such cases between the city and the citizen. They are selected by the circuit court and should be men of good judgment and honest repute. They have an advantage that the court, and even a jury, do not have in trying a case. They go upon the land and make a personal observation and study of it, and its surroundings; besides, they have the benefit of such evidence as parties see fit to bring before them. Assuming, as we must, until the contrary is shown, that the commissioners have given the subject their best, careful and conscientious consideration, their finding on a mere question of value is entitled to great weight with the trial judge when he is hearing exceptions to their report." ' Applying the rules laid down in the foregoing decisions, we cannot say that the court erred in overruling the exceptions on the ground of inadequacy of the damages awarded."

Some of our recent decisions indicate, and others expressly say, that upon a hearing of exceptions to the commissioners' report, the report should be set aside unless it is supported by substantial, competent evidence introduced at such hearing. Such statements are not the law. While respondents in this case had a right to introduce evidence in support of the report, they were not required to do so. The report is presumptively valid and must stand until overthrown by sufficient competent evidence, and the burden was on the exceptor to overthrow it.

Evidently the trial court, after weighing the testimony of the city's witness against the report itself was not convinced that the report was wrong. The determination of that question was within the province of the trial court, and for that reason we should not interfere unless the damages awarded are so grossly excessive as to indicate an abuse of discretion or arbitrary action on the part of the trial court. We do not so find and for that reason decline to interfere.

The judgment should be affirmed. It is so ordered. All concur.