City of St. Louis, Appellant, v. Franklin Bank et al., Defendants, Alvin Realty Company, a Corporation.—110 S. W. (2d) 734.

Court en Banc, December 9, 1937.

*Edgar H. Wayman, John T. Hicks* and *Francis J. Sullivan* for appellant.

914

*Anderson, Gilbert, Wolfort, Allen & Bierman* for respondent.

FRANK, J.—Appeal from a judgment of the Circuit Court of the City of St. Louis, in a certain condemnation proceedings. The suit was brought under an ordinance of the city of St. Louis, and pursuant to the provisions of the charter of said city, for the purpose of establishing, widening and opening certain parts of Morgan Street in said city.

The commission awarded respondent damages in the sum of $43,650, and assessed benefits against the remaining property in the sum of $12,000, leaving to respondent net damages, over benefits, the sum of $31,650. Both parties filed exceptions to the commission's report. Upon a hearing of such exceptions, the court sustained the exceptions of respondent, ordered a reassessment of the damages

and reduced the benefit assessment from $12,000 to $8,000. Thereafter the court appointed a new commission to assess values of and damages to the property. Hearings were had and evidence presented to this second commission. Thereafter, the second commission filed its report showing an award of damages to respondent in the sum of $61,500, and an assessment of benefits against the property remaining in the sum of $8000, leaving to respondent net damages in the sum of $53,500. Both parties filed exceptions to the second commission's report. The court overruled such exceptions, approved the commission's report and rendered final judgment in accordance therewith, from which the city appealed.

We again repeat what we have said on former occasions that the law governing condemnation suits brought under the charter of the city of St. Louis differs from the law governing such actions when brought by corporations under the general statutes. [City of St. Louis v. Franklin Bank et al., 340 Mo. 383, 100 S. W. (2d) 924.]

Both parties offered evidence on the hearing of the exceptions to the second commission's report. Appellant contends that the commission's award of $61,500 damages is not only grossly excessive, but is not supported by the evidence, and for these reasons this case should be reversed. In support of this contention it is urged, (1) that according to appellant's witnesses, the total amount of damages to which respondent is entitled is $24,769.20, and (2) that the highest figure testified to by respondent's witnesses was $57,752.66 which is $3747.34 less than the award of the commission. We do not agree with appellant's construction of the evidence. In appellant's summation of the damages to which respondent's witnesses testified, several items are omitted. On examination of the record we find that the amount of damages, as shown by respondent's evidence, exceeds that awarded by the commission.

On appellant's theory that the report of the commission must be supported by substantial evidence, we would not be justified in reversing the case, because the report is supported by evidence, the weight and credibility of which was a question for the court to determine. But we do not want to be understood as holding that it was the duty of respondent to support the commission's report by substantial evidence, under penalty of having the report set aside if it did not do so. The city charter provides that when private property is taken or damaged for public use the damage shall be ascertained by a jury or by three disinterested commissioners, resident freeholders of the city, at the election of the property owner. The charter further provides that failure to demand a jury within the time and manner provided shall be a waiver of the right of trial by jury. The law which should govern the trial court in determining exceptions to a commission's report in a condemnation proceedings under

the charter of the city of St. Louis was fully discussed and determined by us in the recent case of City of St. Louis v. Franklin Bank et al., 340 Mo. 383, 100 S. W. (2d) 924. Without again discussing the question, we repeat what we there said, as follows:

"Any property owner may have a jury trial of his right to compensation by making demand therefor in the time and manner provided in the charter. Failure to make such demand shall be regarded as a waiver of the right to trial by jury, in which event the damages will be assessed by the board of commissioners. ■ The commissioners make no ascertainment of damages to property where the owner has demanded a jury, but the verdict of the jury is certified to the commissioners before they make their report to the court. The commissioners are required to include in their report to the court the damages assessed by the jury as well as the damages ascertained by themselves. In instances where the commissioners ascertain the damages, such ascertainment is, in effect, the verdict of a jury, because the failure to demand a jury amounts to a waiver of the right of trial by jury, and consent that the commissioners may ascertain the damages. The report of the commissioners is, in effect, a jury verdict and must be so regarded. (Exceptions to the report are, in effect, a motion for new trial.)

"In a trial by jury in ordinary civil actions, the court hears the same evidence which the jury hears. On motion for new trial in such a case the court views the verdict of the jury in the light of the evidence and from such view determines whether the verdict is right or wrong. On motion for new trial in such a case the verdict of the jury does not become *functus officio*. In considering a motion for new trial, the verdict of the jury is entitled to great weight with the trial judge and must stand unless the judge is convinced from a review of the evidence that it is wrong. The same thing is true in the consideration of exceptions to the commissioners' report. Since such report is, in effect, a jury verdict it must stand until it is shown to be wrong in point of law or matter of fact. We have so held in suits brought under the St. Louis charter. In St. Louis v. Abeln, 170 Mo. 318, 323, 70 S. W. 708, we said:

"'The learned counsel for appellant in their brief say: "On exceptions to the report, the court is required to hear evidence. As it is bound to hear the evidence it follows that it should be guided by it, and if there is no conflict of evidence effect must be given to the facts established by it." That is a very correct statement of the rule that should govern in the original trial of an issue of fact when there is nothing to be considered but the evidence then adduced. But in a review of the commissioner's report on exceptions thereto the report itself is to be considered and must stand until it is shown to be wrong either in point of law or in a matter of fact.'

"Where, as in the case at bar, a jury trial was waived and the award of damage was made by the commissioners, the court did not see what the commissioners saw on view of the property, and did not hear the evidence heard by the commissioners. Since the report of the commissioners was presumptively right, and since the court had not heard the evidence upon which it was based, upon a hearing of exceptions to the report, the burden was on the exceptor to introduce sufficient substantial evidence to convince the court that the report was wrong before it could lawfully be set aside. The city contends it carried that burden by introducing the testimony of one witness who, after qualifying, testified that the damages to respondents' property were only $7000. The contention of the city is that the testimony of its witness amounted to substantial evidence that the report was wrong, and since respondents offered no contradictory evidence in support of the report, it was the duty of the court to accept the evidence of its witness as true and set the report aside. This contention overlooks the fact that 'In a review of the commissioners' report on exceptions thereto the report itself is to be considered and it must stand until it is shown to be wrong either in a point of law or in a matter of fact.' [St. Louis v. Abeln, supra.] It may be conceded that the testimony of the city's witness amounted to substantial evidence that the report was wrong, yet the weight and value of such testimony when considered in connection with the commissioners' report was a question for the court to determine. The question here discussed was discussed and determined by this court in St. Louis v. Abeln, supra. We there said:

" 'In the case at bar, the circuit court heard the evidence and was not convinced by it that the commissioners' estimates as to damages and benefits were wrong. On this point the court had in one side of the scales the commissioners' report, and in the other the opinion of one witness as to the cost of removing and rebuilding the walls and the resultant damages to the rest of the property. We are asked now to declare that the trial court erred in not setting aside the report of the commissioners on the strength of that evidence. That we should not do. In St. Louis v. Brown, 155 Mo. 1. c. 567, this court said: ''On a mere question of value, depending on conflicting evidence, the circuit court should hesitate to interfere with the commissioners' finding, although in a proper case it has undoubtedly the right and duty to do so. A board of commissioners is the tribunal provided by our Constitution to do justice in such cases between the city and the citizen. They are selected by the circuit court and should be men of good judgment and honest repute. They have an advantage that the court, and even a jury, do not have in trying a case. They go upon the land and make a personal observation and study of it, and its surroundings; besides, they have the benefit of

such evidence as parties see fit to bring before them. Assuming, as we must, until the contrary is shown, that the commissioners have given the subject their best, careful and conscientious consideration, their finding on a mere question of value is entitled to great weight with the trial judge when he is hearing exceptions to their report.'' Applying the rules laid down in the foregoing decisions, we cannot say that the court erred in overruling the exceptions on the ground of inadequacy of the damages awarded.'

''Some of our recent decisions indicate, and others expressly say, that upon a hearing of exceptions to the commissioners' report, the report should be set aside unless it is supported by substantial, competent evidence introduced at such hearing. Such statements are not the law. While respondents in this case had a right to introduce evidence in support of the report, they were not required to do so. The report is presumptively valid and must stand until overthrown by sufficient competent evidence, and the burden was on the exceptor to overthrow it.

''Evidently the trial court, after weighing the testimony of the city's witness against the report itself was not convinced that the report was wrong. The determination of that question was within the province of the trial court, and for that reason we should not interfere unless the damages awarded are so grossly excessive as to indicate an abuse of discretion or arbitrary action on the part of the trial court. We do not so find and for that reason decline to interfere.''

See, also, the later cases of the City of St. Louis v. Franklin Bank et al., No. 34,215, 100 S. W. (2d) 927, and City of St. Louis v. Franklin Bank et al., No. 34,218, 107 S. W. (2d) 3.

As we said in the case above cited, the court had in one side of the scales the commission's report together with respondent's evidence tending to show that the damages exceeded the commission's award, and in the other the evidence offered by appellant to the effect that the damages were materially less than the commission's award. On the showing made, we would not be justified in disturbing the judgment of the trial court.

The judgment should be affirmed. It is so ordered. All concur, except *Hays, J.,* absent.