■ Esso Standard Oil Company, Appellant, v. State of New York, Respondent. (Claim No. 34800.) — Appeal by claimant from a judgment entered upon a decision of the Court of Claims which awarded the claimant the sum of $6,000 for the permanent appropriation of real estate, in connection with an arterial highway project in the City of Ithaca. (Highway Law, art. XII-B.) The appropriated parcel was part of premises which were and are used as a gasoline filling station. The land taken was a triangular plot of 240 square feet extending 30 feet on the southerly side of State Street and 16 feet on the westerly side of the parcel, the hypotenuse of the triangle being 34 feet. The taking reduced claimant's State Street frontage from 75.5 to 45.5 feet. The appropriated parcel was used for the construction of a new street, known as Green Street, extending at an angle from State Street, claimant thus acquiring frontage on Green Street of 34 feet, so that it then had continuous frontage of 79.5 feet on the two streets. The new street is from 18 inches to 2 feet below the grade of claimant's premises and the grade of State Street was lowered, for a portion of its length along claimant's premises, to the point of its intersection with Green Street. Driveway entrances to claimant's premises from both streets have been constructed. The taking reduced the area of the space between the property line and claimant's two service bays, so that (according to claimant's contention) it became less convenient to "maneuver" cars within the service area. The improvement unquestionably caused changes in the pattern, control and flow of automobile traffic and substantial damages are claimed by reason thereof. However, the trial court correctly applied the rule that there may not be considered in the evaluation of damage "diminution in the market value * * * as a result of the whole

improvement and consequent diversion of traffic." (*McHale* v. *State of New York*, 278 App. Div. 886, affd. 304 N. Y. 674.) The court was correct, also, in holding that consequential damages to the remaining property must be offset to the extent that such property has been benefited by the improvement. (*Matter of City of New York* [*West 10th St.*], 267 N. Y. 212; *Newman* v. *Metropolitan El. Ry. Co.*, 118 N. Y. 618.) While the court applied the correct measure of damage, its evaluation thereof was, in our view, erroneous, with the result that the award was inadequate. We find that the fair market value of claimant's property was $62,000 before, and $49,500 after the taking. A written report of appraisal was improperly received in evidence and we have, of course, given it no consideration. Judgment modified, on the law and the facts, so as to increase the award to $12,500, with interest, and as so modified, affirmed, with costs to appellant. Settle order. Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ., concur.