CITY OF ST. LOUIS, a Municipal Corporation, Plaintiff-Respondent,

v.

,INTERNATIONAL HARVESTER COMPANY et al., Defendants,

Sommers Brothers Manufacturing Company, a Corporation, Defendant-Appellant.

Nos. 46907, 48074.

Supreme Court of Missouri,

En Banc.

Nov. 13, 1961.

Lashly & Neun, Paul W. Lashly, Frank A. Neun, St. Louis, for appellant.

Thomas J. Neenan, Oliver T. Johnson, Andrew J. Reis, St. Louis, for respondent.

WESTHUES, Judge.

This case involves the question of the valuation of property and the method of assessing damages in a condemnation proceeding.

The International Harvester Company and many others were named as defendants in a condemnation petition filed by plaintiff City of St. Louis. Sommers Brothers Manufacturing Company, a corporation, was one of these defendants. After the commissioners appointed by the court filed a report, Sommers Brothers Manufacturing Company filed exceptions which were tried. After the court affirmed the award made by the commissioners, this defendant filed a notice of appeal. That case was numbered 46907. Then, after a final judgment was entered as to all parties in the condemnation case, this defendant filed a second notice of appeal, that is, case No. 48074. These appeals were consolidated so, in fact, there is but a single case before this court and the Sommers Brothers Manufacturing Company is the sole party defendant on this appeal.

(Sommers Brothers Manufacturing Company will hereinafter sometimes be referred to as Manufacturing Company or as defendant.)

On December 5, 1945, the condemnor, the City of St. Louis, passed an ordinance authorizing condemnation proceedings to be instituted for the purpose of widening North Broadway, a street within said City.

On May 15, 1946, a petition was filed wherein numerous persons and corporations were named as owners of property which was to be taken or affected by the proposed improvement.

On November 3, 1952, the cause was referred to the Permanent Condemnation Commission of the City and on September 21, 1953, the Commission report was filed. In this report, the commissioners assessed damages in the sum of $58,020 in favor of the defendant corporation for the taking and damaging of property of that company. Exceptions to the report were filed on October 6, 1953, by the defendant and by the City on October 9, 1953.

On March 1, 1956, the City of St. Louis deposited the money in the registry of the court for the benefit of the property owners. Later, the City dismissed its exceptions. Upon a hearing, which was begun on November 25, 1957, before the circuit court, sitting without the aid of a jury, that court affirmed the report of the commissioners as to the Manufacturing Company. An appeal was taken to this court.

The amount claimed by the defendant exceeds the amount of the judgment by far more than $15,000 and therefore appellate jurisdiction is vested in this court. Furthermore, a constitutional question has been presented for determination.

In the brief, the property owner claims that the trial court erred in ruling that the damages should be determined as of the effective date of the ordinance authorizing the condemnation. That date was December 5, 1945. The defendant corporation contends that the court, on the hearing of the exceptions, should have determined the damages as of the date the City deposited in the registry of the court the amount found to be due by the commissioners. This date was March 1, 1956. The evidence showed beyond a doubt that property values had increased materially between December 5, 1945, and March, 1956.

The trial court ruled that under the provisions of the City Charter the damages must be determined as of the date the ordinance became effective. The Charter so

provides. Note that Sec. 5 of Article XXI reads, in part, that "they (the commissioners) shall hear the evidence submitted by the parties interested; assess the damages as of the date said ordinance became effective." The trial court, in comments made while ruling the question, referred to the case of City of St. Louis v. Senter Commission Co., 337 Mo. 238, 85 S.W.2d 21, as authority for the ruling made.

The defendant contends that the Charter provision in question is unconstitutional in that it is in conflict with Sec. 26 of Article I of the 1945 Missouri Constitution, Vol. I, V.A.M.S. This section, in so far as applicable, provides "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested." Among the cases cited in support of the theory that the damages to be assessed, in a case where exceptions have been filed to the commission report, should be as of the date the condemnor pays the money into court are: City of St. Louis v. Vasquez, Mo., 341 S.W.2d 839; In re Armory Site in Kansas City, Mo., 282 S.W.2d 464; Kansas City Southern Ry. Co. v. Second Street Imp. Co., 256 Mo. 386, 166 S.W. 296; Kamo Electric Co-operative v. Baker, 365 Mo. 814, 287 S.W. 2d 858; State ex rel. State Highway Commission v. Schutte Investment Co., Mo., 334 S.W.2d 241; Curotto v. Hammack, 362 Mo. 457, 241 S.W.2d 897, 26 A.L.R.2d 1302.

Sec. 26 of Article I of the 1945 Constitution is very similar, in fact, in substance it is the same as Sec. 21 of Article II of the 1875 Constitution. The provision of the 1875 Constitution was before this court in the case of City of St. Louis v. Brown, 155 Mo. 545, 56 S.W. 298, loc. cit. 302(5). This court there declared the law to be as follows: "If we will take our constitution at its word, and give effect to it according to its plain meaning, we can have no difficulty in determining the proper measure of damages in such case. Courts lay down general rules for the guidance of the jurors and commissioners which are sometimes serviceable, but any rule that may be laid down must itself be measured by the rule given in the constitution, and any rule that so limits the damages in such case as that the result will be in fact less than just compensation for the injury suffered falls short of the constitutional measure."

■ The actual taking of the property of the defendant corporation in this case occurred on March 1, 1956, when the amount of the award was paid into the registry of the court and not on December 5, 1945, the date the ordinance became effective. This court has so held in a number of recent cases. In the City of St. Louis v. Vasquez, supra, the commissioners filed their report on January 5, 1953, awarding damages of $32,152.50. On February 21, 1957, more than four years later, the City paid the award into the registry of the court for the benefit of the owner. Exceptions were filed. In the trial of the case, the value of the land taken was determined as of the date the money was deposited by the City. After a remittitur, a judgment in the sum of $144,900.37 was affirmed by this court. The property had increased in value between the time of the commissioners' award and the time the City deposited the money in court. In a condemnation proceeding case, In re Armory Site in Kansas City, 282 S.W.2d 464, loc. cit. 470 (9, 10), this court said that the landowner "is fully protected insofar as this proceeding is concerned in that his land is not taken from him until just compensation, regardless of the source, is either paid or made available to him."

■ The case of City of St. Louis v. Senter Commission Co., supra, relied on as authority that, in assessing damages, it is proper to determine values as of the date the ordinance became effective, does not

rule the question. In that case, the question of benefits and not damages was before the court. The constitutional provision, Sec. 26 of Article I, supra, is superior to any charter or ordinance in awarding damages in condemnation cases as was said in the case of City of St. Louis v. Brown, supra [155 Mo. 545, 56 S.W. 302]: "* * * any rule that so limits the damages in such case as that the result will be in fact less than just compensation for the injury suffered falls short of the constitutional measure." So, in this case, the defendant's property was tagged for condemnation on December 5, 1945. The damages were determined as though the City acquired title as of that date. In fact, the property owner had no opportunity to obtain the money for his damages until 1956. Under the constitutional provision above mentioned, it was then, and only then, that "the proprietary rights of the owner therein divested." We rule that the constitutional rights of the Manufacturing Company were violated in that its property was taken for public use without just compensation. On remand, the damages to be assessed should be determined as of the date the City paid the amount of the commissioners' award into the registry of the court.

■ We have ruled that in this case the Charter provision fixing the effective date of the ordinance as the time to consider the question of damages must yield to the Constitutional provision, Sec. 26 of Article I, supra. The question remains whether such Charter provision is unconstitutional. A situation such as we have before us should not occur often if the City authorities and the court wherein a condemnation proceeding is pending follow the provisions of the Charter. The Charter, Sec. 1 of Article XXI, provides that after an ordinance is passed providing for condemnation of property, the City counselor shall within six months file a petition seeking condemnation in the circuit court. Sec. 3 of Article XXI of the Charter provides that it

then becomes the duty of the court to designate commissioners to assess the damages. This section further provides that the commissioners "shall make report within the time fixed by the court, which time shall in no event exceed ninety days." Sec. 6 of Article XXI of the Charter authorizes the City at any time after the commissioners' report is filed to pay into court the amount of the damages assessed. In other words, the Charter provisions contemplate a completion of the proceedings within a reasonable time. In such cases, the question of whether there has been a material change in the value of property pending the proceeding is seldom presented. However, as occurred in this case, where the commissioners' report is not filed until nearly eight years after the effective date of the ordinance authorizing the condemnation, the date of the ordinance cannot and should not be used in assessing the damages, especially where there has been a change in the value of property. In all condemnation cases, the constitutional mandate as to compensation for the taking of property must be controlling. City of St. Louis v. Vasquez, supra. Courts do not and should not declare statutes or charter provisions unconstitutional if such a ruling can be avoided. However, the Charter provision fixing the date for the determination of damages is clearly in conflict with the constitutional provision and is therefore void. Commissioners in fixing damages should determine the amount thereof as of the time the award is made. If exceptions are filed, the amount of damages should be determined as of the time the award is paid to the property owner or into the registry of the court for him.

■■ In the brief, it is claimed that the trial court erred in not granting the defendant a trial by jury. The defendant property owner asked for a jury trial on the exceptions. This request was denied for the reason that Sec. 3 of Article XXI of the Charter provides that "Any party entitled to and desiring trial by jury of its

rights to compensation shall file in the cause, before the assignment of the commissioners in each case, written demand therefor, including therein a description of its property to be taken or damaged, and failure so to do shall be a waiver of the right of trial by jury." The Charter further provides that if such request is timely made, the question of damages as to the party asking for a jury will not be determined by commissioners but by a jury. The defendant in this case did not request a jury until after the commission had filed its report. If the Charter provision is valid, the trial court was justified in denying the request for a jury. The defendant claims that the Charter provision is unconstitutional. The point must be ruled against defendant. The right of trial by jury will be waived if no timely request therefor is made. 29 C.J.S. Eminent Domain § 281 b, p. 1285. Reasonable regulations and conditions may be made prerequisites for a jury trial and unless a party to a suit complies with such regulations waiver of a jury trial may result. 50 C.J.S. Juries § 114, pp. 827–830. The Charter provision in question was before this court in these cases: City of St. Louis v. Franklin Bank, 340 Mo. 383, 100 S.W.2d 924; Tremayne v. St. Louis, 320 Mo. 120, 6 S.W.2d 935, loc. cit. 944, 945 (10); and City of St. Louis v. Gruss, 263 S.W.2d 387, loc. cit. 390(1). This court in each of those cases ruled that unless a request for a jury is timely made, the right thereto has been waived.

Complaint is made by defendant corporation because the trial court refused to award interest. On a reassessment of the damages, there should not be any confusion as to the allowance of interest. The case of City of St. Louis v. Vasquez, supra, along with cases cited therein, should be a sufficient guide for the proper allowance of interest if any is found to be due. Other minor matters were complained of which should not occur on a retrial.

The judgment of the trial court is hereby reversed and the cause remanded with directions to the trial court to proceed in accordance with the opinion herein.

It is so ordered.

PER CURIAM.

The foregoing opinion of WESTHUES, J., has been adopted as opinion of the court en banc.

All concur.