**The CITY OF ST. LOUIS, Respondent,**

v.

**WABASH RAILROAD COMPANY, a Corporation, Walter C. Haeussler, Hugo Wurdack and Frank H. Alewel, Trustees et al., Defendants, and Emil E. Hoechst et al., Appellants.**

**No. 52365.**

Supreme Court of Missouri, En Banc.

Dec. 11, 1967.

Thomas F. McGuire, Robert W. Van Dillen, John M. Williams, St. Louis, for respondent.

Rassieur, Long, Yawitz, Koenig & Schnieder, Elliott P. Koenig, Roger R. Fagerberg, St. Louis, Walter L. Floyd, Jr., Clayton, Joseph A. Kirkwood, St. Louis, for defendants-appellants.

James S. McClellan, Jerome M. McLaughlin, Willson, Cunningham & McClellan, St. Louis, for Walter C. Haeussler, Hugo Wurdack and Frank H. Alewel, Trustees.

DONNELLY, Judge.

This is a proceeding by the City of St. Louis to condemn land in the city for highway purposes. Appellants are owners of residential property facing Lindell Boulevard. On December 19, 1908, the Forest Park Land Company, for the use and benefit of said owners of said residential properties, and others, deeded to three trustees land generally north and to the rear of the residential properties. Under this deed, which relates to the "Catlin Tract," and is recorded in Book 2191, Page 131 of the St. Louis Recorder's office, easements were granted for the benefit of appellants, and others, for ingress and egress and for other purposes. The city seeks to take by condemnation: (1) fifty-two feet from the rear of the residential properties, (2) the trust property above-mentioned, and (3) other properties. The trust property is referred to by the parties as "Item 18," and is the only property involved in this appeal.

On May 4, 1961, the Permanent Condemnation Commission filed its First Report awarding damages as to all parcels. Appellants filed exceptions to the awards made for the taking of fifty-two feet from the rear of their residential properties. These individual exceptions have not been tried. Also, exceptions were filed as to Item 18, the trust property.

On September 21, 1962, the following order was entered by the trial court:

"Pursuant to oral application of the parties, it is ordered by the Court in accordance with Section 510.180(2) R.S. 1949 that the issue of adequacy of the award of the commissioners for Parcel No. 18 be tried in advance of all other issues in this cause, and that said issue be separated from the remaining issues for trial, adjudication and appeal."

On December 27, 1962, the award as to Item 18 was held inadequate. On February 7, 1963, the Permanent Condemnation Commission filed its Second Report. Exceptions were filed and, on June 20, 1963, the award was again held inadequate. On February 14, 1964, the Permanent Condemnation Commission filed its Third Report, awarding damages in the amount of $43,773.05 for the taking of Item 18. A trial without a jury was then held on the exceptions to the Third Report and the matter was taken under submission on October 21, 1965. On May 17, 1966, the trial court overruled the exceptions of all parties to the Third Report, and, on June 30, 1966, ordered the award as to Item 18 paid to the present trustees. Motions for new trial were filed and overruled, and appellants, owners of the residential properties, appealed.

Appellants asserted in their motion for new trial and contend on appeal that the award as to Item 18 is grossly inadequate and not supported by competent and substantial evidence.

■ In reviewing the adequacy of an award in condemnation, the "weight and credibility of the evidence is for the trial court. Appellate courts do not weigh conflicting evidence on appeal in condemnation cases. City of St. Louis v. Franklin Bk., 341 Mo. 913, 110 S.W.2d 734, 735 [1]; City of St. Louis v. Pope, Mo.Sup., 121 S.W.2d 861, 863 [3]; City of St. Louis v. Franklin Bk., Mo.Sup., 107 S.W. 2d 3, 4 [3] (where respondent introduced no testimony). It is not the law that the commissioners' report should be set aside unless supported by competent and substantial evidence at the hearing on the exceptions. The respondent may but is not required to introduce evidence in support of the report. 'The report is presumptively valid and must stand until overthrown by sufficient competent evidence, and the burden was on the exceptor to overthrow it.' The determination of whether the report is right or wrong is within the judicial dis-

cretion of the trial court, and appellate courts should not interfere unless the award is so grossly excessive or inadequate as to establish an abuse of discretion or · arbitrary action. City of St. Louis v. Franklin Bk., 341 Mo. 913, 110 S.W.2d 734, 736; City of St. Louis v. Rossi, 332 Mo. 498, 58 S.W.2d 965, 966 [1]; City of St. Louis v. Pope, Mo.Sup., 121 S.W.2d 861, 864 [4]." City of St. Louis v. Pandjiris Weldment Co., Mo.Sup., 270 S.W.2d 17, 20 [5, 6].

■ Competent evidence was elicited from an experienced real estate appraiser supporting the award of the Commission. The only testimony offered in opposition was that of one of the appellants who testified that they "valued * * * [their] easement in the * * * [Item 18 land] at $1.50 per square foot." Appellants' contention is without merit.

Appellants further asserted in their motion for new trial and contend by inference on appeal that the trial court "erred in failing to find, adjudge and decree that the aforesaid Defendants had property rights in the nature of easements in, over, upon and along land described in said Item 18 of the Commissioners' Report by reason of a deed of record recorded in Book 2191, Page 131 of the St. Louis Recorder's Office, that the City of St. Louis has taken said property rights and easements of the aforesaid Defendants without compensation, and that, therefore, the aforesaid Defendants have been damaged and that the taking of said property rights and easements in said described parcels of real estate constitute a taking of property without just compensation contrary to the provisions of Section 26, Article 1 of the Constitution of the State of Missouri and Amendment 5 to the Constitution of the United States: * *."

■ As a general rule, where there are different interests or estates in property taken by condemnation, the proper procedure is "to ascertain the entire compensation as though the property belonged

to one person and then apportion this sum among the different parties according to their respective rights." State ex rel. State Highway Commission v. Mahon, Mo.App., 350 S.W.2d 111, 113. This Court established the general rule, and recognized an exception thereto, in State ex rel. McCaskill v. Hall, 325 Mo. 165, 28 S.W.2d 80, at page 82, 69 A.L.R. 1256, as follows: " * * * The aggregate values of all the particular interests and estates in a single parcel of land do not exceed the value of the property as a whole, which the state takes by paramount title for public use; when, therefore, that value is duly ascertained and paid in money to the owners of the various interests, or into court for them, constitutional requirements are fully complied with. The fund is substituted for the property taken. The fact that the owners of the constitutive interests may not agree as to the apportionment among themselves of the sum awarded is merely an incident growing out of such combined ownership for which the condemnor is in no way responsible. There may be instances in which, owing to exceptional circumstances, the damages to the various interests when added together exceed the value of the property as a whole; in such case the particular interests should of course be separately appraised, because the owner of each is entitled to be compensated in damages for the amount of his interest taken."

▮ There is no evidence in the record to support a claim that this case involves an instance "in which, owing to exceptional circumstances, the damages to the various interests when added together exceed the value of the property as a whole." In United States v. 11.06 Acres of Land in City of St. Louis, Mo., et al., 89 F.Supp. 852, and In re West Tenth Street, Borough of Brooklyn, City of New York, 267 N.Y. 212, 196 N.E. 30, 98 A.L.R. 634, the courts recognized that the value of a servient estate (here, the trust property taken) can find no other expression than in the value of the dominant estate (here, the residential properties) which it served. How-

ever, there is no evidence to this effect in this case except a general conclusion that the values of the residential properties "have been decreased to a degree." If appellants "wished to press the point, specific evidence should have been offered." Kansas City v. Stith, Mo.Sup., 409 S.W.2d 193, 197. On this record, the general rule applies. The Commission properly ascertained "the entire compensation as though the property belonged to one person."

The final question for determination is whether the trial court finally disposed of the award as to Item 18 when it was ordered paid to the trustees. In City of St. Louis v. Rossi, 333 Mo. 1092, 1104, 64 S.W. 2d 600, 605–606, this Court referred to State ex rel. McCaskill v. Hall, supra, and said:

"The result of that case was that this court approved the method there adopted by the commissioners of assessing one sum for the damages to all the owners of each lot or tract taken, leaving the owners of the fee, lessees, trustees, mortgagees, and sublessees to apply to the circuit court for apportionment of the damages between them according to their various interests. It would seem that, if the matter of determining the parties entitled to share in the damages awarded for land taken, and the portion thereof each was entitled to receive, was left to the commissioners, under the procedure provided by the St. Louis charter, we would have a board of real estate experts passing upon all kinds of intricate questions of law in what is, perhaps, the most technical branch of the law, real property. * * * We can imagine the snarls and tangles which would result when they were called upon to determine, not only such questions as arise between owners, lessees, sublessees, and mortgagees, but also when they should undertake to decide whether some of the interests were vested or contingent remainders, whether there had been a merger of estates, whether trusts existed, and, if so, whether they were active or passive and the rights be-

tween life tenants, remaindermen, trustees, and beneficiaries. It would be more practical to limit the activities of these commissions to the field with which they are familiar, the consideration of values of property taken, damages to remaining property resulting from the taking, and benefits reflected in increased values resulting from the improvement; and to leave the questions of law which necessarily arise in apportioning the damages when there are several interests in any particular tract to the tribunal which has judicial authority. In short, leave values to the board of commissioners, and law to the court."

On February 10, 1966, the trial court held a "distribution" hearing as to Item 18, and, on June 30, 1966, ordered the award as to Item 18 paid to the trustees. The award, under the circumstances, takes the place of the land interests appropriated and the fund thus created becomes a substitute for them. The trustees recognize that appellants, and other owners in the Catlin Tract, are entitled to some form of distribution. They state in their brief: "The Trial Court felt that the fairest and best way to resolve the question was to pay the award to the Trustees, who are the owners of all of the property involved and who are answerable to all of the property owners of the Catlin Tract for the proper expenditure or distribution of the funds thus received. We submit that this decision was a sound one and well within the powers of the Court."

We believe that appellants are entitled to a final adjudication of their interests, if any, in the award. City of St. Louis v. Rossi, supra; Land Clearance for Redevelopment Authority of Kansas City v. Dunn, Mo.Sup., 416 S.W.2d 948. The award should be apportioned between the trustees, appellants, and other owners in the Catlin Tract, as their respective interests, if any, may appear, upon such notice and hearing as due process requires. The trustees may, or may not, be entitled to that portion of the award which represents payment for improvements on the land taken. Appellants may, or may not, be required to share the award with other owners in the Catlin Tract. These issues were not fully litigated in the trial court. Therefore, we express no opinion on this appeal as to the nature or extent of these respective interests.

The judgment is affirmed on the issue of damages assessed for the property taken by condemnation. The City of St. Louis is no longer in the case insofar as Item 18 is concerned. The judgment is reversed and the cause remanded on the issue of apportionment, with directions that the trial court proceed in accordance with this opinion. The costs of this appeal are assessed against appellants.

All concur.